HARDY, Judge.
This is a suit in which plaintiff prays for judgment in the sum of $1,065.50 against defendants, Walter C. Brown and wife, Mrs. Murlie Vance Brown, in solido, together with recognition of said indebtedness as a charge against the community property, and further recognition of a vendor’s lien in favor of plaintiff against the property involved. The defendant, Walter C. Brown, confessed judgment in favor of plaintiff and pursuant thereto the court rendered judgment against the said named defendant in the full sum of $1,065.50, together with interest and costs. The defendant, Murlie Vance Brown, filed an answer denying liability and further answering the said defendant charged conspiracy, fraud and collusion on the part of plaintiff and the defendant, Walter C. Brown, and made reconventional demand for the sum of $1,500 by way of damages against plaintiff. As an additional defense this defendant interposed an exception of no right and no cause of action, which was overruled. After trial on the merits there was judgment rejecting plaintiff’s demands as against the defendant, Murlie Vance Brown, and further judgment rejecting her recon-ventional demand. From this judgment plaintiff has appealed and defendant has answered the .appeal praying the allowance of her reconventional demand.
As the basis for his suit plaintiff alleged that he had advanced various amounts, in the sums specifically set forth in his petition, to the defendant Brown and his wife, or for their account. These sums were devoted to the purchase of a one-acre tract of land in Ouachita Parish, the moving of a house thereupon, the repairing and reconditioning thereof, and the furnishing of certain appurtenances thereto.
Some time prior to the filing of plaintiff’s petition the defendant, Murlie Vance Brown, had brought suit against her husband, Walter C. Brown, for a separation from bed and board and judgment was rendered in her favor on the same day upon which the suit which is here under consideration was filed by plaintiff, that is, October 27, 1950. In the judgment of separation Murlie Vance Brown was recognized as the owner of an undivided one-half interest in and to the one-acre tract of land, which property was decreed to belong to the community. It is material to note that the title to the property in question stood in the name of Murlie Vance Brown by virtue of a conveyance from one John W. Richardson. Despite this fact, by instrument dated July 14, 1950 the husband, W. C. Brown, purported to convey the entire ownership in and to the property to this plaintiff, L. C. Carter, for a recited cash consideration of $350.
It is obvious at the outset of our consideration of the issues presented that the purported deed of the husband, W. C. Brown, to this plaintiff, L. C. Carter, served' to convey only the husband’s undivided one-half community interest in the property, and was absolutely null insofar as the undivided one-half interest of the wife was. concerned.
Conceding the validity of the contention that a wife is obligated for her share of the community debts incurred during the existence thereof, we are confronted with the necessity of determining, first, whether plaintiff has established his claims, and second, whether defendant has made out a case under her reconventional demand.
Careful and painstaking examination of the rather scant record before us impresses us with the fact that the testimony in'support of plaintiff’s claims is so vague and; uncertain as to be thoroughly unsatisfactory. Plaintiff’s petition alleged some thirteen items of indebtedness, in varying amounts, aggregating a total of $1,065.50, for which he prayed judgment. Examination of the testimony of plaintiff himself discloses that the total sum of indebtedness, which he attempted to establish amounted' to $850. But we are constrained to comment upon the fact that there was nothing definite nor certain in plaintiff’s testimony with respect to the several items which it embraced. The testimony of the witness is fraught with approximations, “abouts”, and other equivocal expressions. No effort was made to corroborate this testimony by the introduction of any accounts or the testimony of any other witnesses save and except the testimony of the husband, Walter *303 C. Brown. It is desirable to a better understanding- of this matter that we comment upon the nature and character of the testimony of the said husband. First of all, it is worthy of note that Brown was, and, so far as we know, is still in the employ of the plaintiff, Carter. Upon the witness stand Brown somewhat vaguely and uncertainly admitted a large part but not all of the indebtedness claimed by plaintiff. Meanwhile Brown had deeded the whole property to plaintiff, Carter, and, additionally in this suit had entered a confession of judgment and suffered the rendition of judgment against himself in the full amount claimed. The only evidence in the record as to the value of the property in question was given by Brown and his wife, both of whom testified that the property was worth some $1,800 to $2,000. On cross-examination the plaintiff, Carter, steadfastly evaded giving any estimate of value.
In short, the claims of plaintiff are only partly supported and then by the weakest and most inconclusive sort of attempted proof. The denials of defendant, supported by 'her testimony, are entitled to be accorded as much substance and dignity as the affirmations of plaintiff. Accordingly, we cannot find that plaintiff has supported his claims -by a preponderance of evidence of such certainty as to support a judgment.
The vagueness of the testimony, the nature of the transactions and relations between plaintiff and the defendant husband lead not only to the belief that there existed an understanding between the parties, but indeed leave a strong suspicion of collusion between these parties as against the interest of the defendant wife.
As an equitable proposition it is apparent that the plaintiff is already more than amply protected on any expenditures he has made, since he holds title by reason of the deed from Walter C. Brown to a one-half interest in property valued at some $2,000. Accordingly, he will suffer no injustice and no loss by reason of his failure to secure judgment against the defendant wife.
Turning to a consideration of the reconventional demands of the defendant wife, we do not find that she has sustained her claims for damages by adequate proof, and, accordingly, we conclude that these demands were properly rejected. However, it does appear that the property in question 'has been rented by the plaintiff for some considerable period of time and that he had received the revenues from such rental. Clearly, the defendant wife is entitled to an accounting of these revenues to the extent of her interest in the property.
For the reasons assigned the judgment appealed from is amended to the extent of reserving the rights of the defendant, Murlie Vance Brown, against the plaintiff, L. C. Carter, for an accounting of revenues received from the rental of property in which the said defendant has been declared to be the owner of an undivided one-half interest, and, as amended, the judgment is affirmed at appellant’s cost.
GLADNEY, Judge ad hoc, recused.
KENNON, J., not participating.