# Vaughan *v.* The State.

# Brazil *v.* The State.

*Prosecutions for Living in Adultery.*

1. *Bigamous marriage, and cohabitation under it.*—A marriage formally celebrated under license is unlawful when the man has another wife living at the time, and the cohabitation of the parties under it is adulterous; but the woman is not criminally guilty of living in adultery (Code, § 4184), unless she had knowledge of the former marriage, or continued the cohabitation after acquiring knowledge of it; "and the proof or presumption [of such knowledge] must be strong enough to repel all reasonable doubt."

2. *Error in admission of evidence.*—In a criminal case, the admission of irrelevant evidence, against the objection of the defendant, will work a reversal, although the appellate court may not be able to see that injury resulted from the error. "It would be a hazardous precedent to establish the doctrine of error without injury in such case."

3. *Sentence to hard labor, for costs; amendment of judgment.*—In a case of misdemeanor, a sentence to hard labor for costs, on non-payment or confession of judgment with surety, can not exceed eight months (Code, § 4731; Sess. Acts, 1880-81, p. 37), and the judgment should so specify; but a defect in this particular, when the record shows no other error, will be corrected here without a reversal.

FROM the County Court of Macon.
Tried before the Hon. W. H. HURT.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—The two defendants named above were separately tried, on warrant and complaint, for living together in adultery. Rachel Vaughan waived a jury, and was tried by the presiding judge. Milton Brazil was tried by a

jury. Both were convicted, and a fine of one hundred dollars assessed against each. Fine and costs not being paid by either, in each case there was sentence to hard labor for the county, for the non-payment of the fine and costs. These sentences are in all respects regular, with a single exception, which we will notice further on.

There seems to be no controversy as to the following facts: In 1880, the defendant Milton Brazil obtained a license, and under it was formally married to Silvia Vaughan, an authorized officer performing the ceremony. It is neither shown nor pretended that Silvia has died, and we must, therefore, presume that she still lives. In 1886, and continuing up to the time of the commencement of this prosecution, the defendants, Rachel Vaughan and Milton Brazil, have lived and cohabited together, occupying the same bed, and claiming to be husband and wife. This cohabitation has been in Macon county. The testimony tends to show that the said Milton and Rachel were formally married in the State of Mississippi, in 1883.

The main defense relied on is, that before the marriage of the said Milton and Silvia in 1880, the latter—Silvia—had intermarried with one Bozeman, who was still living, and that, as a consequence, Milton's subsequent marriage with the said Silvia was bigamous and void; that, being void, it opposed no obstacle to his later marriage to Rachel in 1883, and, as a necessary result, the cohabitation of Milton and Rachel, complained of in these prosecutions, was not adulterous, but lawful. So that the most important inquiry of fact was, whether the said Silvia had been previously married to Bozeman. On that controverted inquiry, the testimony was in conflict. Stated as the testimony is in the bills of exceptions (they are copies of each other, so far as this question is concerned), it fails to produce satisfactory conviction that Silvia and Bozeman were ever married, and hence there is a failure to establish the invalidity of Milton's marriage with the former. That marriage not being shown to be invalid, the later cohabitation of Milton and Rachel as husband and wife was unlawful, notwithstanding they may have conformed to every requisite of a valid marriage. So, if there is nothing else in this case, the conviction must stand.

We will now treat the cases separately, first considering that of Rachel Vaughan. The bill of exceptions states that it contains all the evidence. The testimony shows that Mil-

[Vaughan v. The State.]

ton's marriage with Silvia was in 1880, and in Macon county, Alabama. It tends to show that his later marriage with Rachel was in 1883, and in Mississippi. There is not a semblance of proof tending to show that Rachel knew, or had ever heard of the marriage of Milton and Silvia, or that she was in a situation to raise the presumption that she must have known it. True, the women were sisters, and a strong suspicion may arise that she knew of the marriage. Suspicion is not enough. The proof or presumption must have been strong enough to repel all reasonable doubt. If the marriage with Silvia was valid under the rules declared above, as we think the trial court was justified in finding, this necessarily invalidates the marriage with Rachel, unless the first had been dissolved by death, or some other lawful cause; but it would not render her criminally guilty of adultery, unless she is shown to have had knowledge of the first marriage, and submitted to conjugal relations afterwards. In the absence of such knowledge, she was both morally and legally guiltless of crime. The testimony did not justify Rachel's conviction.

As to Milton Brazil's case: The court, against defendant's objection, allowed the prosecution to ask him, on cross-examination as a witness, many questions, and to obtain answers to them, as to a mortgage made by him, and as to the quantity of cotton he had picked out, which were wholly irrelevant to the charge preferred against either defendant. We confess that we are not able to perceive clearly what influence these questions, or the answers to them, could have exerted in the deliberations of the jury. Possibly, their tendency was to raise an inquiry into the fair dealing of the witness, who was himself the defendant on trial. It is not enough, however, that we can not perceive the injury. *Prima facie* injury is presumed, when error is shown, It would be a hazardous precedent, to establish the doctrine of error without injury, when a criminal accusation is under review. The County Court erred in admitting this testimony.

In fixing the amount of hard labor to be performed in payment of costs, the judgment of the court was, in each case, imperfect. The statute has declared a maximum, beyond which such punishment shall not extend. Eight months is the maximum in cases of misdemeanor. *Armstrong v. State, ante*, p. 45. If this, however, was the only error, we would not reverse, but would correct and affirm.

There is nothing in the other questions raised.

[Kidd v. The State.]

The judgment in each case is reversed, and the cause remanded.