[Marks v. The State.]

87   99
94  105
87   99
120  322

# Marks *v.* The State.

*Indictment for Mnrder.*

1.  *General objection to evidence partly admissible.*.—A general objection to the admission of evidence, a part of which is admissible, may be overruled entirely.

2.  *Error without injury in exclusion of evidence.*—As a general rule, the doctrine of error without injury does not obtain in criminal cases; yet, where evidence is erroneously excluded, but the record affirmatively shows that its admission could only have prejudiced the defense, the error will not work a reversal.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. S. H. SPROTT.

The defendant in this case, Dinah Marks, was indicted for the murder of Julia Cannon; was convicted of manslaughter in the first degree, and sentenced to the penitentiary for ten years. The only exceptions reserved during the trial relate to the exclusion of evidence, as shown in the opinion of the court.

COCHRANE & FITTS, for appellant.

W. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—E. R. King, a witness for the State, testified on his examination in chief to several distinct matters, each having a tendency to inculpate the defendant, and each bearing the same relation to defendant's motion to exclude, to the overruling of which an exception was reserved. This witness' testimony was, in effect, that at the time of the crime he was marshal of the city of Tuskaloosa, but had nothing to do with the arrest of the defendant; that after her commitment he found some bloody clothing of the defendant; that about Tuesday of the week after she was put in jail, he carried the clothing to her in jail; that she claimed it, and attempted to explain the appearance of blood on the garments; that he then left her; that a few days afterwards she sent for him, and he went to her again on Friday of that week; that she then made certain statements to him about the homicide with which she was charged;

that he made no threats, nor held out any inducements, nor made any promises to get her to confess, but that she commenced the conversation herself, without any suggestion of any kind on his part; that her statements to him were purely voluntary on her part; and that she then proceeded to tell him the facts and circumstances of the homicide, which the witness then repeated to the jury. At the conclusion of the examination in chief of this witness, during which he had testified to all the foregoing facts, the bill of exceptions sets forth, "The defendant then moved the court to exclude this testimony from the jury; the court overruled the motion, and the defendant then and there in open court duly excepted." Beyond all question, under the repeated decisions of this court, this motion to exclude went to all of the testimony of the witness King on his examination in chief; the exception to the overruling of the motion was, of necessity, likewise general, having reference to all of this evidence; and if any fact testified to by this witness was competent, the appellant can take nothing by the exception, though other parts of the evidence against which it is directed should be palpably inadmissible.—3 Brick. Dig. p. 80, §§ 41, 42; *Reynolds v. State*, 68 Ala. 502; *Boswell v. State*, 63 Ala. 307; *Black v. Pratt C. & C. Co.*, 85 Ala. 511.

Even should it be admitted, that the confessions deposed to by this witness were inadmissible, because of the supposed continuing influence of antecedent inducements, as insisted by counsel, there can be no question of the competency of the evidence relating to the clothing of the defendant; and hence there was no error in the overruling of the motion to exclude evidence of which this constituted a part.

The theory of the prosecution obviously was, that Isom Cannon was implicated with the defendant in the homicide. The confessions, which constituted the chief criminating evidence, clearly connect Isom with the defendant on trial, in the commission of the offense. The only legitimate tendency of the evidence sought to be drawn out by the defendant, as to the relations between Isom and the deceased, the pendency of an indictment against Isom and his flight, was to corroborate the confessions, and support the State's theory of the case. It is utterly inconceivable how this testimony could have benefitted the defendant. On the contrary, we can see that its influence on the jury could not have been other than prejudicial to the defense.. We are of one mind that the exclusion of this evidence will not work a

[DuBois v. The State.]

reversal of the judgment. Without intending to impinge upon the former expressions of this court, to the effect that the doctrine of error without injury does not obtain in criminal proceedings, as that rule was applied in the several cases in which these expressions were employed, this case enforces the recognition of a limitation on, or an exception to the rule, which may be thus formulated: When this court can affirmatively determine from the record that evidence, to the exclusion of which the defendant excepts, could only have prejudiced the defense, the action of the trial court, though it may be technically erroneous, will not furnish ground for reversal.—*Vaughn v. State,* 83 Ala. 55; *Williams v. State, Ib.* 16; *Diggs v. State,* 49 Ala. 314; *Roberts v. State,* 68 Ala. 524; *Burns v. State,* 49 Ala. 373; *State v. Kinney,* 26 W. Va. 143; s. c., L. A. R. (Book 2), 668.

All of the testimony offered by the defendant, tending to connect Isom Cannon with the homicide, except perhaps that having reference to his habit of quarreling and threatening his wife, was properly excluded on other grounds. *Levison v. State,* 54 Ala. 520; *West v. State,* 76 Ala. 98.

The judgment of the Circuit Court must be affirmed.