(79 South. 375)

SANDERS v. STATE. (1 Div. 11.)

(Supreme Court of Alabama. June 6, 1918.)

1. CRIMINAL LAW ⊜⇒815(2)—INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE.

Where there is positive, as well as circumstantial, evidence in a criminal case, it is proper to refuse special requests for instructions which assume that defendant's guilt depends on circumstantial evidence.

2. JURY ⊜⇒131(11) — EXAMINATION OF JURORS.

Defendant, in a homicide case, was properly not allowed to repeat in inquiry to jurors a question with reference to their freedom from bias or prejudice that had been previously propounded by the court.

3. CRIMINAL LAW ⊜⇒444—EVIDENCE—PHOTOGRAPH—FOUNDATION.

In a homicide case, a photograph of deceased was properly admitted to identify the body, where authenticated by husband's testimony that his wife's living likeness was reproduced by the photograph, although there was no actual dispute as to identity of the body.

4. CRIMINAL LAW ⊜⇒422(1) — EVIDENCE — OVERHEARD CONFESSION.

A prisoner in jail could testify as to a conversation he heard between two other prisoners, accused of a crime, upon the issue of guilt vel non of one of them.

5. CRIMINAL LAW ⊜⇒531(3)—CONFESSIONS—PREDICATE.

If a predicate for the introduction of a conversation involving a confession was necessary, the preliminary testimony of the witness, showing that the statements were not otherwise than voluntary, was sufficient.

6. WITNESSES ⊜⇒379(1) — INCONSISTENT STATEMENTS.

A prisoner could testify as to a conversation between two other prisoners, accused of the crime in question, upon the trial of one of them, to reflect light upon the truth of statements made by the other while a witness for defendant.

7. CRIMINAL LAW ⊜⇒670—EVIDENCE.

An objection to a question asked an officer introduced by defendant as to what defendant said when he was arrested, was properly sustained; the court not being advised as to what was expected to be shown.

8. CRIMINAL LAW ⊜⇒419, 420(4)—HEARSAY.

Defendant could not show by a witness what another person convicted of the same crime told him were the facts concerning the killing, the matter being hearsay; such other person subsequently being made a witness.

9. CRIMINAL LAW ⊜⇒413(1) — EVIDENCE — SELF-SERVING STATEMENTS.

Defendant, in a criminal case, cannot examine a witness as to self-serving statements made by defendant.

10. CRIMINAL LAW ⊜⇒941(1)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A last confession made by one about to be hanged was not newly discovered evidence, where it was only repetition of what such person had previously testified to in the case.

11. CRIMINAL LAW ⊜⇒936(4)—NEW TRIAL—SURPRISE.

Introduction of a final statement, made by one just previous to his execution for the same crime for which defendant was on trial, held not surprise, prejudicial to defendant.

12. HOMICIDE ⊜⇒200 — EVIDENCE — DYING DECLARATIONS.

A "final statement," made by a person the morning he was hanged, that another person was not guilty of the crime, was not a dying declaration.

Appeal from Circuit Court, Mobile County; Norvelle R. Leigh, Jr., Judge.

Albert Sanders was convicted of murder, and he appeals. Affirmed.

The following are the charges refused to the defendant and directed to be set out:

"(d) The evidence against the defendant is circumstantial, and his innocence should be presumed by the jury until his guilt is established by the evidence, in all the material aspects of the case, beyond a reasonable doubt and to a moral certainty."

(5) Same as (d), and adds: "To find him guilty, the evidence must be strong and cogent;

and, unless it is so strong and cogent as to show guilt to a moral certainty, the jury must find him not guilty."

"(11) The court charges the jury that where the evidence is purely circumstantial, the defendant should not be found guilty, unless the evidence against him is such as to exclude, to a moral certainty, every reasonable hypothesis but that of his guilt.

"(12) The test of circumstantial evidence, in a criminal case is, Are the circumstances so proven capable of explanation upon any reasonable hypothesis, consistent with defendant's innocence? If they are capable of such explanation, then the defendant should be acquitted."

Brooks & McMillan and J. B. Jenkins, all of Mobile, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

McCLELLAN, J. The appellant has been sentenced to death for the murder of Mrs. Julia May Hess. The corpus delicti was proven. There was evidence tending to show that her death was caused by knife wounds or strangulation, or both, thus justifying the trial court in refusing to the defendant the general affirmative charge on the theory that the second count was entirely unsupported, in a material respect, by the evidence. The issue due to be submitted to the jury was whether the appellant was a guilty agent in the perpetration of this brutal murder; the theory of the prosecution being that the defendant and Fisher Brooks robbed and killed Mrs. Hess. The appellant is a negro. He was a taxicab driver in Mobile. Fisher Brooks, negro, was also a taxicab driver there. Brooks was found guilty of the murder of Mrs. Hess, and was hanged at Mobile on August 3, 1917. Brooks had been convicted before appellant's trial took place on July 19–21, 1917. As indicated, the guilt vel non of the appellant was, under the whole evidence, a question to be decided by the jury.

[1] The soundness of a conclusion that appellant was a guilty participant in the murder of Mrs. Hess depended upon the credence to be accorded the testimony, circumstantial as well as positive, of the witnesses. The evidence pointing to appellant's guilt was not entirely circumstantial. There was important evidence against the appellant that was positive in character and effect. Since the evidence against the appellant was not entirely circumstantial, the trial court was justified in refusing these of the defendant's special requests for instructions: (d), 5, 11, and 12, which the report of the appeal will reproduce.

[2] There was no error in declining to allow the defendant to repeat, in inquiry to jurors as they were being qualified, a question with reference to their freedom from bias or prejudice that, the bill of exceptions recites, had been previously propounded by the court to the persons called to jury service in that cause.

[3] Mrs. Hess was killed on Monday, about 2 a. m., May 21, 1917. Her body was thrown from a bridge into a stream in Mobile county. Her place of residence, with her husband, was some distance from Mobile. The body rose to the surface of the stream, and was recovered on Thursday following her death. It was disfigured. The husband identified the body as being that of his wife. He produced a photograph on which, he testified, her living likeness was reproduced. The prosecution offered this picture in evidence, and over defendant's objection it was admitted and passed to the jury. The photograph, when thus authenticated, was admissible in evidence for the purpose of identifying the body as being that of Mrs. Hess. Luke v. Calhoun County, 52 Ala. 115; Udderzook v. Commonwealth, 76 Pa. 340; People v. Durrant, 116 Cal. 179, 48 Pac. 75; Kansas City, etc., R. R. Co. v. Smith, 90 Ala. 25, 27, 8 South. 43, 24 Am. St. Rep. 753; Wilson v. United States, 162 U. S. 613, 621, 16 Sup. Ct. 895, 40 L. Ed. 1090; 9 Ency. Evi. pp. 772, 773, 780, 781; Malachi v. State, 89 Ala. 134, 139, 8 South. 104; Rollings v. State, 160 Ala. 82, 49 South. 329. This rule's observance is not affected, one way or the other, by the fact that there is in the evidence given by the witness or witnesses no actual dispute as to the identity of the body of the deceased.

[4-6] Bush, a fellow prisoner in the Mobile jail with Fisher Brooks and this defendant, was introduced by the state to testify to a conversation between Fisher Brooks and the defendant, during the pendency of the defendant's trial, which the witness said he overheard from his cell above the line of cells occupied, respectively, by Brooks and the defendant. If a predicate for the introduction of this conversation was necessary, as upon the notion that its recital involved a confession by defendant, or implications to that effect, the condition was afforded by the preliminary testimony of the witness, whereby it was shown that neither the statements attributed to the defendant nor those attributed to Brooks were otherwise than voluntary. There was no error in the admission of the testimony of the witness Bush. It, was, if credited by the jury, material and relevant to the issue of guilt vel non, as well as in its quality to reflect light upon the truth of the statements previously made by Brooks when he took the stand as a witness for defendant.

[7-9] Chief of Police Van Liew was introduced by the defendant. Subsequently he was recalled by the defendant for further direct examination. On this examination the chief of police testified that, after the body was found, he sent detectives for Sanders (defendant); that Brooks came in and had a conversation with the witness and the witness sent for defendant, using Brooks for the purpose; that a detective brought defendant in; that Dr. Sherard informed the witness that he, the doctor, had seen Brooks and

the defendant conversing near the doctor's office; and that the witness had a conversation with the doctor and, later, with the defendant. At this point the defendant propounded this question to his witness: "What did Sanders (defendant) tell you?" The court sustained this objection to the question: "That no predicate had been laid for it." The court was not advised as to what the defendant intended or expected to disclose through an answer to this question. If the purpose was to bring out exculpatory statements made by the defendant to the witness, they would have been inadmissible, because self-serving. It cannot be supposed that the object was to show incriminatory statements by the defendant. The idea underlying the particular objection interposed by the prosecution is not clear. Perhaps the objector interpreted the question as an effort to lay a basis for evidence contradictory of the witness. In any event, the court committed no error in declining to allow the question. There is no possible argument for error in the action of the court in declining to permit the defendant to show by his witness, the chief of police, what Brooks told him were the facts concerning the killing of Mrs. Hess. The matter desired to be brought out was hearsay. Brooks himself was subsequently made a witness by the defendant, and testified at length. Of like inadmissible character was the matter sought to be shown by the question, propounded to defendant by his counsel, what Fisher Brooks said to the defendant, on Monday morning before the body was found, when he asked Brooks for the taxi fare he had commissioned Brooks to collect from Mrs. Hess for the defendant's service in bringing her from the station to her hotel early Sunday evening upon her arrival in Mobile.

[10-12] In support of his motion for a new trial the defendant offered the "final statement" of Fisher Brooks. It was admitted by the state that this "final statement" was the last confession Fisher Brooks made on the morning he was hanged. The prosecution's objection to the introduction of this "final statement" was sustained by the court. Brooks had, as stated, been introduced and examined as a witness for the defendant. On his examination he testified that defendant was entirely innocent of the murder of Mrs. Hess. In his "final statement" he repeated the statement that defendant was entirely innocent. Aside from other considerations that rendered Brooks' "final statement" ineffectual to justify the court in granting defendant a new trial, the action of the court in the premises was warranted by the fact that, so far as the matter recited in the "final statement" bore upon defendant's innocence vel non, it was a repetition of what Brooks stated on his examination as a witness for defendant. The "final statement" presented no case of newly discovered evidence, nor of surprise prejudicial to the defendant. It is manifest that Brooks' "final statement" was not a dying declaration within the rules of law rendering admissible that character of evidence.

It cannot be affirmed that the court erred in overruling the defendant's motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

The judgment is affirmed.

Affirmed. All the Justices concur.