44 So.2d 570
### MacMAHON v. CITY OF MOBILE.
### I Div. 367.

Supreme Court of Alabama.
Dec. 22, 1949.

Rehearing Denied March 9, 1950.

W. O. MacMahon, Jr., pro se.

Harry Seale, of Mobile, for appellee.

LAWSON, Justice.

W. O. MacMahon, Jr., filed suit in the circuit court of Mobile County on October 5, 1946, against the City of Mobile. Service was had on the City of Mobile on October 9, 1946.

On November 6, 1946, within thirty days from the date of service, the City filed its motion to strike the complaint on the ground, among others, that it was unnecessarily prolix, irrelevant, and frivolous. §§ 212, 213, Title 7, Code 1940; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795; Tidmore v. Mills, 33 Ala.App. 243, 32 So.2d 769, certiorari denied, 249 Ala. 648, 32 So.2d 782. This motion was denied on January 27, 1947.

The record is entirely silent as to any action on the part of either the plaintiff or the defendant until March 25, 1948, when the plaintiff filed a motion to have the case set for "hearing and adjudication." This motion was granted on April 12, 1948, and the trial court entered an order setting the case "for trial early in June." But the record does not show that the case was called for trial during June of 1948.

On July 1, 1948, the City filed a demurrer. Thereafter, on July 8, 1948, plaintiff filed a motion to strike the demurrer on grounds, in substance, as follows: (1) Demurrer was not filed within the time required by law; (2) the demurrer was filed for the purpose of further delaying the hearing and determination of the cause; (3) that more than one year had expired since pleadings in the cause had been settled and closed, and so announced in open court; (4) that the pleadings had previously been settled and that the case had been continued from time to time at the request of the defendant, and that the demurrer was filed solely for the purpose of further delay.

There is absolutely nothing in the record to show that the trial court had ever entered an order settling the pleadings. In fact, after overruling the motion to strike for prolixity and prior to the filing of the demurrer by the City on July 1, 1948, there had been no pleadings to settle. Likewise, the record is silent as to any continuances being granted at the request of either party.

On July 22, 1948, the court granted plaintiff's motion to strike the demurrer filed by the City on July 1, 1948. However, the reason for this action of the trial court does not appear.

Thereafter, on August 6, 1948, the City filed a motion for permission to file demurrer to the complaint. It appears from this motion that the movant, the City of Mobile, relied, at least in part, upon the provisions of paragraph 19 of Rules of Practice of the Circuit Court of the 13th Judicial Circuit of Alabama, which rules were adopted on January 25, 1917. However, we are at a loss to determine why paragraph 19 was relied upon by the City, inasmuch as it does not appear to us to have any application, since by its terms it only relates to the filing of demurrers and pleadings subsequent to the plea. As before indicated, there had been no plea filed by the City at the time this motion to be permitted to file a demurrer was made. City of Mobile v. Board of Revenue and Road Com'rs of Mobile County, 219 Ala. 60, 121 So. 49.

This motion of the City to be permitted to file a demurrer was granted on August 6, 1948, the same day on which it was filed. It appears from the record that this was done in open court and that the plaintiff excepted to the court's ruling.

Thereupon the City filed its demurrer. On August 11, 1948, the plaintiff filed a motion to dismiss the City's motion for permission to file a demurrer, which motion, as before indicated, had already been granted. The plaintiff also on August 11, 1948, moved to strike the demurrer filed by the defendant on August 6, 1948, the grounds of which motion to strike were in substance the same as those included in the plaintiff's motion to strike the first demurrer filed by the City.

On March 15, 1949, the record shows the following order: "This day in open Court came the parties by their attorneys, and Plaintiff's motion filed August 11, 1948, to strike Defendant's demurrer having heretofore been argued by counsel and submitted to the Court; together with all the other papers in this cause, and after a

careful consideration by the Court, said motion being understood by the Court; It is ordered and adjudged by the Court that the Plaintiff's said motion filed August 11, 1948, to strike defendant's demurrers be, and the same is hereby denied, to which ruling of the Court the Plaintiff excepts."

Thereupon, on March 15, 1949, the court sustained the demurrer of the City filed on August 6, 1948. It appears from the record that this was done in open court and the parties were present by their attorneys.

On March 23, 1949, the plaintiff took "a non-suit on account of adverse rulings of the court in sustaining defendant's demurrer filed August 6, 1948, to plaintiff's complaint, and in denying plaintiff's motion filed August 11th, 1948, to strike defendant's said demurrer to the complaint, and the plaintiff in open court on this day gives notice of appeal of this cause to the Supreme Court of Alabama." (R. p. 22)

Plaintiff, who filed the complaint against the City *pro se,* also appears for himself in this court.

If we correctly interpret the assignments of error, none of them relate to the action of the trial court in sustaining the demurrer of the City of Mobile. But be that as it may, we will not review such action on this appeal in view of the fact that the brief filed here by the appellant, representing himself, makes no reference whatsoever to this action of the court. We have read the brief carefully and there is no reference in it that we can find questioning the action of the trial court in sustaining the demurrer.

The rule has long been established that even where errors are assigned, they will not be dealt with by this court unless they are argued in brief. Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Keeton v. Northern Ala. Ry. Co., 222 Ala. 224, 132 So. 35.

When an appeal is taken from a judgment entered upon a voluntary nonsuit, under the provisions of § 819, Title 7, Code 1940, the appellant is confined on his appeal to the rulings superinducing his nonsuit. Engle v. Patterson, 167 Ala. 117, 52 So. 397; Mullins v. Alabama Great

Southern R. Co. et al., 239 Ala. 608, 195 So. 866. But where a nonsuit is taken because of the cumulative effect of several rulings on pleadings, each of the rulings may be assigned and considered. City of Mobile v. Board of Revenue and Road Com'rs of Mobile County, supra.

As before indicated, the record recites that one of the reasons assigned for the taking of the nonsuit was the action of the court in denying plaintiff's motion to strike the defendant's demurrer. Error in this regard is assigned and, perhaps, sufficiently argued in brief.

If it may be said that the denial by the court of plaintiff's motion to strike the demurrer of defendant was a ruling which superinduced the nonsuit so as to require consideration on this appeal, we are of the opinion that such action did not constitute reversible error.

We need not express an opinion here as to what effect the defendant's motion to strike the complaint had on the statute requiring a defendant to appear and plead, answer, or demur to a complaint within thirty days from the date that service is perfected. § 248, Title 7, Code 1940. However, we do point out that, contrary to what the appellant contends in his brief, this motion was filed within thirty days from the time that service was perfected. The record shows that service was had on October 9, 1946, not on October 5, 1946, as appellant states in his brief. The motion was filed on November 6, 1946.

For the purpose of this appeal, it may be conceded that the defendant's demurrer was filed after the time prescribed by law. But it was filed before any default or nil dicit judgment had been taken and, for that matter, before plaintiff had ever sought any such judgment. We make the latter statement fully conscious of the statements to the contrary contained in the brief filed here by appellant, plaintiff below. But this record does not show that plaintiff ever sought a judgment by default or nil dicit and, of course, we are bound by the record and cannot consider statements in brief not supported by the record.

In Street et al. v. Browning, 205 Ala. 110, 111, 87 So. 527, 528, it was said:

"Although a defendant in a civil suit at law has a right to plead to the merits at any time before a default is entered against him (Craig & Co. v. Pierson Lumber Co., 179 Ala. 535, 60 So. 838), a demurrer to the complaint is not a plea to the merits (Black v. W. T. Smith Lumber Co., 179 Ala. 397, 60 So. 154); and the filing of a demurrer after the time prescribed by law is a privilege to be accorded or denied within the sound discretion of the trial judge, a discretion not revisable on appeal." (Emphasis supplied). The holding in the case of Du Pree v. Hart, 242 Ala. 690, 8 So.2d 183, is in accord with that in Street et al. v. Browning, supra.

True, a long period of time expired between the date on which the complaint was filed and that on which the defendant sought permission to file its demurrer. But it was within the discretion of the trial court to permit the demurrer to be filed. Much is said in appellant's brief as to delaying tactics on the part of defendant, the City of Mobile, and its frequent requests for continuance. Again, we say that the record utterly fails to show any order of continuance.

The judgment is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.