117 So.2d 258

**Feltus Carl BATES**

**v.**

**STATE.**

**6 Div. 718.**

Court of Appeals of Alabama.

Sept. 15, 1959.

Rehearing Granted Dec. 15, 1959.

Further Rehearing Denied Jan. 12, 1960.

**550**

---

Thos. A. Smith, Jr., Cullman, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant was convicted under Section 131, Title 29 Code 1940, of the offense of manufacturing whiskey.

The state's evidence was to the effect that when law enforcement officers first saw defendant he was coming up a trail from the direction of the still, carrying a half-gallon jar filled with moonshine whiskey.

Upon seeing the officers he dropped the whiskey and ran, but was captured.

Defendant did not testify and no evidence was presented in his behalf.

On original consideration we were of the opinion there was no evidence tending to show defendant's guilt. The judgment was reversed and the cause remanded, without an opinion, under the authority of Moon v. State, 19 Ala.App. 176, 95 So. 830.

Upon the earnest insistence of the Attorney General we have re-examined the testimony at the trial, and are of the opinion that under the state's evidence tending to show that after one of the officers had overtaken defendant and informed him that he was an officer, the defendant fired a pistol at him, it was a question for the jury as to whether defendant was an accomplice, acting as a look-out or guard for others who were engaged in making whiskey.

We are, however, of opinion the judgment must be reversed for another reason.

The raid on the still was conducted by Federal Alcoholic Tax Investigators Abernathy and Case, in company with Cullman County Sheriff Waldrop and his deputy. While defendant was being chased by the investigators, Sheriff Waldrop and the deputy proceeded directly to the still site, where they saw three men working about the still. One of the men, named Littaker, was captured. The others ran away.

The still was described as the tank type, of 800 gallon capacity. It was in full operation, with whiskey running out of the condenser spout. Ten to fifteen gallons had already been run.

After defendant's capture he was handcuffed and taken to the still. The sheriff went to Cullman for a photographer and pictures were taken at the scene of the crime. Two of these pictures were introduced in evidence, over defendant's objections.

One of the pictures, state's Exhibit 2, shows the defendant and Littaker, the man caught at the still, standing on top of the still between two of the officers. Bates and Littaker are both bound by handcuffs. Another officer is shown in the picture with his hand on the faucet from which the whiskey is pouring. No evidence was introduced tending to show the defendant voluntarily posed for the picture, or that he was advised as to his rights against self incrimination. The following statement by the court in Allbright v. State, 92 Ga.App. 251, 88 S.E.2d 468, 469, is applicable here:

"The evidence, therefore, whether of probative value to the State in order to show guilt on the part of the defendants or not, was unlawfully obtained, rendering its introduction error. In order to be reversible, however, it must be harmful. The pictures show the defendants at the scene of the crime, standing amid all of the implements and paraphernalia which the officers testified were being employed in the manufacture of whisky. Obviously they were designed to show a connection between the defendants and the crime and to create the impression on the jury that the defendants and the paraphernalia belonged together."

In the Allbright case the defendants were present at the still when the officers arrived. They ran, but were captured, handcuffed, returned to the still and photographed. In the present case no witness saw defendant closer than 150 to 200 feet to the still before he was arrested and taken there. There can be no doubt but that the admission of the photograph was harmful. Article 1, Section 6, Constitution of Alabama of 1901 prohibits any person from being compelled to give evidence against himself. The introduction of the photograph violated defendant's rights secured to him thereunder.

Application granted reversed and remanded.