247 So.2d 683

**Larry CHAMBERLAIN, alias**

**v.**

**STATE.**

**7 Div. 73.**

Court of Criminal Appeals of Alabama.

May 4, 1971.

Roberts, Bonner & Davis, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Robert E. Morrow, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant was convicted for the offense of robbery.

The defendant did not testify in the case. Over defendant's objection, the state introduced in evidence a photograph of six men, one of whom was defendant, designated as the lineup viewed by the victim and her husband and from which they selected the defendant as the person who committed the crime. In the picture the defendant's clothes are dirty and wrinkled. His wife testified he worked at tearing down houses or roofs.

During his closing argument to the jury the deputy district attorney remarked:

"I'd like for you to remember State's. Exhibit One here. That is more like the real Defendant. There he is without the benefit of the polish job put on him by his lawyers."

Thereupon the following occurred.

"Defense counsel: Wait a minute, we object to that, now. And ask the court to exclude it. We don't put a polish job on anybody, we don't even try to. 'By his lawyers'. We ask the court to—

"Court: What was the argument?

"Defense counsel: Telling about a polish job like his lawyers put on him.

"Deputy District Attorney: The argument was, Your Honor, I asked the jury to remember the Defendant as he appeared in the picture, the lineup, rather than the way he is with a polish job put on him by his lawyers. That is the argument.

"Court: I will overrule it.

"Defense counsel: We except."

In Bestor v. State, 209 Ala. 693, 96 So. 899, the court said:

"Where the defendant in a criminal prosecution does not elect to become a witness, or the identity of the accused is not in issue, it is highly improper and erroneous for the state's counsel to comment in argument upon the appearance of the defendant."

See also Wilbanks v. State, 28 Ala.App. 456, 185 So. 770, where the court stated that article 1, Section 6 of Constitution of Alabama, 1901 prohibits comment upon the appearance of an accused who has not testified in the case.

 The state's attorney's argument was not directed to the issue of accused's identity, but was unfair comparison of his appearance in court with his appearance in the photograph. It also imputed un-

ethical conduct on the part of his attorneys. The court's ruling was erroneous.

 We fail to see the materiality of the lineup photograph. The testimony concerning the lineup was introduced by the state and was not disputed. It is clear from the testimony of the victim and her husband that their in-court identification of defendant did not depend upon their viewing him in the lineup but was based upon their observation of him in the store at the time of the alleged robbery. The photograph had no tendency to prove or disprove any material fact in issue. In the event of another trial, it is our opinion this photograph should not be admitted in evidence in the absence of a predicate showing relevancy. Cf. Bates v. State, 40 Ala.App. 549, 117 So.2d 258.

For the error pointed out hereinabove, the judgment is reversed and the cause remanded.

Reversed and remanded.