268 So.2d 770

**Kincel MAULDIN and Mildred Mauldin**

**v.**

**MOUNT HEBRON UNITED METHODIST CHURCH OF the ALABAMA–FLORIDA WEST CONFERENCE, etc.**

**4 Div. 430.**

Supreme Court of Alabama.

Sept. 7, 1972.

Rehearing Denied Nov. 30, 1972.

494

Alice L. Anderson, Enterprise, for appellants.

Charles L. Woods, Ozark, for appellee.

PER CURIAM.

Appellants-plaintiffs filed a statutory ejectment suit in the Circuit Court against appellee-defendant to recover a small area of land (about one acre) with the church building thereon, together with damages for detention. The jury rendered a verdict for defendant. A judgment responsive to the jury verdict was duly entered. Appellants filed a motion for a new trial that was heard and denied by appropriate judgment. This appeal is on this judgment and not on the original judgment pursuant to the jury verdict.

■ Appellants assert by Assignment of Error that the trial court erred in denying their motion for a new trial. This assignment presents for review of this court any lawful ground of the motion that is sufficiently argued. Any ground of the motion for a new trial not argued in brief will not be considered on appeal. Chattahoochee Val. Ry. Company v. Williams, 267 Ala. 464, 103 So.2d 762(11).

Ground 14 of the motion for new trial, here argued, reads:

"For the Court erred when it overruled the demurrer of the Plaintiffs to the Plea of res ajudicata [sic] of the defendants. For the common law rule in regards to ejectment judgments is still in force in this State except as modified to provide that the two judgments for the defendant for the same title between the parties are final. Hence the Plea of Res Adjudicata [sic] of defendants as to Kincel Mauldin was not available in this action."

■ The transcript of the proceedings in the trial court and here filed fails to include any judgment or other valid ruling

on the demurrer. The demurrer, in the absence of a valid ruling thereon, is not reviewable. United Insurance Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125 (8); Cash v. Usrey, 278 Ala. 313, 178 So. 2d 91(9). We also note that appellants fail to cite in their brief where the ruling, if any, appears in the transcript.

 Appellants assert in their brief that the court in chambers, prior to the trial, overruled this demurrer. This assertion cannot be taken to supplement or contradict the record. Nelson v. Hammonds, 173 Ala. 14, 55 So.2d 301(5). This court is bound by the record and cannot consider statements in brief not supported by the record. MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 770(4).

Under the circumstances we cannot review plaintiff's demurrer, supra, which was the subject of Ground 14, supra.

 The evidence in the case was conflicting and presented a jury question as to which party acquired title to the land and was entitled to possession. We will not undertake to review it. The verdict was not contrary to the preponderance of the evidence or the weight thereof. The limited argument of appellants' ground of the motion to that end is not convincing.

 Appellants, in their motion for a new trial, fail to point out wherein the verdict of the jury is contrary to the law of the case. Failing to do this, the ground of the motion making such assertion is not reviewable. Little v. Peevy, 238 Ala. 106, 189 So.2d 720(12).

Appellants contend in their argument that during the trial of cause the court, over the objections and exceptions of appellants, allowed appellee to introduce "a bill of complaint, against Kincel Mauldin and a writ of execution for costs in a prior ejectment suit for these premises. * * * The judgment was also allowed in evidence against the objection and exception of appellants. This was contra to law for it did not prove res adjudicata [sic] against appellants. * * *."

 This ruling of the trial court was not made the subject of any ground of the motion for a new trial. We cannot go outside the motion to consider error vel non of the trial court.

It is to be noted that appellants' counsel failed in their argument to designate the number of any ground of appellants' motion which appellants contend was sufficient to sustain their contention for a new trial. We have had some difficulty in referring the argument to the ground of the motion intended to be argued. If we have overlooked any ground to be reviewed, such oversight is due to the failure of appellants' counsel to give us adequate help by designating by number the ground of the motion.

The judgment of the trial court in denying appellants' motion for a new trial is affirmed.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN, BLOODWORTH and McCALL, JJ., concur.