279 So.2d 565

**Louis Preston BOYD, Jr.**

v.

**STATE.**

**8 Div. 151.**

Court of Criminal Appeals of Alabama.

June 12, 1973.

William J. Baxley, Atty. Gen., and John A. Yung IV, Asst. Atty. Gen., for the State.

Richard A. Kempaner, Huntsville, for appellant.

## PER CURIAM.

Defendant, also referred to as appellant, entering a plea of not guilty and not guilty by reason of insanity, was convicted by a jury of killing Roger Radford under such circumstances as to constitute murder in the first degree as charged in the indictment. The alleged homicide was effected by shooting the victim with a pistol. The jury fixed the punishment at death.

The law, when death is the punishment, mandates an automatic appeal. Under such mandate this appeal is before this

Court. Defendant was represented by appointed counsel in the nisi prius court. The same appointed counsel here represents appellant. We state parenthetically that counsel represented appellant in the lower court with much zeal and capability, leaving no leaf unturned to insure defendant a fair trial in accordance with the law. All possible contentions of error are here presented and argued.

The evidence is without dispute in most areas. Appellant and four companions were assembled at the home of one of the companions in Huntsville on the morning of October 5, 1970, where they consumed some wine and gave out. The five, Willie Brown, Elmer Jackson, George Logwood and defendant, whose sobriquet was "Slick," along with Fred Garner, all departed in Garner's green Chevrolet automobile for the liquor store to get some more alcoholic beverage. Having made the purchase, and continuing to consume the beverage, they took a circuitous route, with Garner driving, for another destination; namely, Gibson's.

On a multiple lane highway in Huntsville, Roger Radford, the deceased, a white person, traveling in his company's panelled truck, changed from one lane to another, and in so doing cut abruptly into the path of the automobile in which appellant, a black man, was a passenger. He occupied the middle position on the back seat. At the intersection of Governor's Boulevard and Gordon Lane, the Chevrolet occupied by appellant and his companions pulled up beside the truck driven by the victim. Some conversation took place between the victim and Garner, the driver of the Chevrolet. The latter inquired of the victim why he cut in front of him. There was some evidence that Radford apologized for the incident. Immediately after the conversation, and while the two vehicles were standing at a traffic light, two pistol shots were fired from the rear seat of the Chevrolet. The right front window of the Chevrolet was down and through the opening, the shots were fired. The passenger

on the right of the front seat testified that he was leaning down to pick up a cigarette when the shots were fired over his head. The shots were in quick succession. A bullet from the pistol struck Radford in the head. He died from this wound while at the hospital.

■ The other occupants testified that the defendant was in possession of a pistol. They disclaim any knowledge that any of the others had a pistol. The evidence of these occupants was ample to sustain the averment in the indictment that defendant fired the fatal shot with the pistol. J. C. Webb testified that a day or two after October 5, 1970, the day of the homicide, he purchased a pistol from defendant for four dollars. This pistol conformed to the description of the pistol described by the occupants of the car.

The penetrating bullet was removed from Mr. Radford's head while his body was at the hospital A state toxicologist, after qualifying as a firearms expert, testified that the bullet which was removed from the head of Mr. Radford was fired from the pistol which defendant had sold to witness Webb. The whereabouts of the bullet from the time it was removed from the body of the deceased was properly accounted for and connected.

In addition, the defendant signed a written confession procured by a Huntsville detective while the defendant was under arrest. It appears from the evidence without dispute that defendant, before giving the confession was duly informed and warned as mandated by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. These mandated warnings according to the record were spelled out to the defendant in their several ramifications. The effect of the confession was that the defendant fired the gun in the direction of Mr. Radford when the cars were standing side by side on the highway. The defendant disclaimed in the confession any intention of killing Mr. Radford, but contended that he fired to scare him. He said that

he did not aim the gun at him. Defendant did not take the witness stand.

■ The pattern of evidence adduced by the prosecution fastened on defendant a web of guilt as charged in the indictment. The testimony covered 205 pages of transcript. Counsel for defendant thoroughly sifted the State's testimony by cross examination for defects or errors. Suffice it to say that the evidence adduced by the State was strong and cogent, while that in defendant's behalf, coming from a first cousin and defendant's mother, was not very persuasive or convincing. No motion for a new trial was filed, nor is there any contention here made that the verdict of the jury as to the guilt of the defendant was contrary to the preponderance of the evidence. The jury had ample evidence to support its finding of guilt on the part of the defendant. We have omitted multiple details in the record for the sake of brevity.

We now advert to appellant's contention of prejudicial errors in the trial. In view of the fact that the sentence of death must be modified as hereinafter done, it is unnecessary to decide whether or not any juror was wrongly excused for cause contrary to the pronouncements of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. We pretermit considering the excusals that were made which, if any, were contrary to *Witherspoon,* supra.

Appellant contends that the trial court erred in overruling his objection to the admission in evidence of his photograph. This photograph, Exhibit 12, portrays appellant at the time of the shooting as wearing a goatee and a mustache. The manner of his dress is not shown.

We do not think this photograph has any relevancy to any issue in the case. The identity of the defendant was not questioned. The central issue was whether or not appellant fired the shot and why. The district attorney was clearly out of bounds when, in his zeal, he offered the picture.

The trial court should have sustained appellant's objection thereto. But this was not done.

■ Appellant, asserting error in the admission of the photograph, has the burden of showing there was error and that it was prejudicial. Where, as here, an error that might have been prejudicial in a close case does not require reversal when the evidence of appellant's guilt is strong. United States v. Lipscomb, 435 F.2d 795 (18–20). In view of the strong case against appellant and the failure of the record to show any comment on the exhibit in the State's argument, we decline to apply our pronouncement in Chamberlain v. State, 46 Ala.App. 642, 247 So.2d 683. Neither does Bestor v. State, 209 Ala. 693, 96 So. 899, have application. Under the circumstances we think Supreme Court Rule 45 applies.

■ Appellant complains that the trial court committed prejudicial error in admitting over his objection a touched up photograph of the deceased, Exhibit 1, taken about four years prior to his death. Again, we fail to see wherein the photograph of the deceased sheds any light on any contested issues.

In Sanders v. State, 202 Ala. 37, 38, 79 So. 375(3), the Supreme Court approved in a homicide case the introduction of the victim's photograph for the purpose of identifying the deceased. The Court there observed " . . . This rule's observance is not affected, one way or the other, by the fact that there is in the evidence given by the witness or witnesses no actual dispute as to the identity of the body of the deceased." Even though there was no contested issue of identity of the deceased, we hold the introduction of the victim's photograph was not error to reverse even though he had a very acceptable appearance and showed a marked contrast in such appearance with that of appellant as shown by his photograph, also in evidence.

■ Appellant complains about the comments of the prosecuting attorney in

contrasting the two photographs. The record does not indicate that any comments were made by the prosecuting attorney in his argument. In addressing the court on the admissibility of appellant's photograph, Mr. Green, for the State, said that it was an obvious attempt on appellant's part to tidy up. These remarks were not addressed to the jury. The record does not show that the jury even heard the remarks made to the court. Certainly, they were not addressed to the jury so far as the record shows. We are bound by the record even though appellant asserts in his brief that comments on a photograph were made in argument to the jury. This assertion cannot be taken to supplement or contradict the record. Nelson v. Hammonds, 173 Ala. 14, 55 So. 301(5). Statements in brief cannot be considered unless supported by the record. MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570(4); Mauldin v. Mount Hebron United Methodist Church of Ala.—Fla. West Conference, 289 Ala. 493, 268 So.2d 770.

Taking the record as a whole, it appears that the appellant received a fair trial, free of any prejudicial error which affected the verdict. The written charges refused to the defendant were either covered by the oral charge, given written charges for defendant, or failed to state correct and applicable principles of law. The trial judge gave a very comprehensive oral charge, some of which he amplified at the jury's request all to the end that appellant's counsel, who was very astute in the trial of this case, does not complain that the trial court erred in refusing these charges or any of them.

This appeal reached this Court on June 18, 1971. The Supreme Court of the United States on June 29, 1972, released Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, which eliminated the death penalty for murder, and for other capital crimes, from our statutes.

■ Thus, the sentence of death imposed upon appellant is vacated and set aside. In lieu and instead thereof, the sentence is corrected by this Court to provide that said appellant be imprisoned in the State penitentiary for the term of his natural life. The Clerk of this Court shall furnish a certified copy of this order to the Clerk of the Circuit Court of Madison County, and said Clerk shall issue a commitment in this case based upon this sentence of life imprisonment and shall forward the commitment to the Board of Corrections.

It follows that except as to the death sentence, the judgment of the circuit is affirmed. With regard to the death sentence, the judgment of the circuit court is modified and the sentence is reduced to life imprisonment, and as modified, the judgment is affirmed. Swain v. State, 290 Ala. 123, 274 So.2d 305.

Modified and affirmed.

ALMON, TYSON and DeCARLO, JJ., concur.

HARRIS, J., concurs in the result.

CATES, P. J., dissents.

CATES, Presiding Judge (dissenting).

I must respectfully dissent from the holding that the introduction in evidence over objection of the defendant's earlier photograph was harmless error under the wording of Supreme Court Rule 45.

This photograph showed the defendant long before trial; it showed him in a facially hirsute condition. To me, when the prosecution injected this photograph there was, in the words of Supreme Court Rule 45, an error which "probably injuriously affected substantial rights of the" defendant.

Appeals to racial prejudice, especially where there is no evidence that such prejudice motivated an act relevant to the offence is uniformly condemned by our au-

thorities. McLemore v. International Union, 264 Ala. 538, 88 So.2d 170. In Fonville v. State, 91 Ala. 39, 8 So. 688, we find the elder Mr. Justice Coleman writing:

"It is the law of this State, that the admission of illegal or irrelevant evidence against the objection of a defendant, on trial for a criminal offense is a reversible error, unless it affirmatively appears that no injury resulted therefrom. Maxwell v. State, 89 Ala. 150, 164, 7 So. 824; Marks v. State, 87 Ala. 99, 6 So. 377; Vaughan v. State, 83 Ala. 55, 3 So. 530; Williams v. State, 83 Ala. 16, 3 So. 616; Mitchell v. State, 60 Ala. 26. To inquire and prove that the absent witnesses were negroes, certainly was irrelevant, unless the court judicially knew the color of the witnesses affected their credibility. If it was judicially known that, as a race, the witnesses were *prima facie* unworthy of belief, the question was both worthy and legal. We can not judicially affirm of any race of people, of whatever color, as St. Paul did of the Cretians, that they were 'always liars.' Under the principle above declared, the objection to such a question, properly made and reserved, should be sustained."

The rule of relevance is more strictly applied in criminal than in civil cases. Browning v. State, 31 Ala.App. 137, 13 So.2d 54; Pressley v. State, 18 Ala.App. 40, 88 So. 291.

Recently, our late beloved Presiding Judge in Chamberlain v. State, 46 Ala.App. 642, 247 So.2d 683, wrote of a similar derogatory photograph as follows:

"We fail to see the materiality of the lineup photograph. The testimony concerning the lineup was introduced by the state and was not disputed. It is clear from the testimony of the victim and her husband that their in-court identification of defendant did not depend upon their viewing him in the lineup but was based upon their observation of him in the store at the time of the alleged robbery. *The photograph had no tendency to prove or disprove any material fact in issue.* In the event of another trial it is our opinion this photograph should not be admitted in evidence in the absence of a predicate showing relevancy. Cf. Bates v. State, 40 Ala.App. 549, 117 So. 2d 258."

(Italics added).

In conclusion, I would have found myself in agreement with the majority of the Court had our Supreme Court Rule 45 been phrased so that consideration would be given as though the evidence (hypothetically excluding the offensive photograph) were submitted to any other reasonable jury properly instructed upon the applicable law. I think that this Court should conclude that such a jury would inevitably give the same verdict as the one in this case.

In my opinion no other reasonable jury, without the photograph before it, would have brought in a different verdict. In other words, I think Supreme Court Rule 45 is too lenient towards criminals. However, it is not my rule; but as a judge I am bound to follow it. I think it has to be applied here. Therefore, in this case I must respectfully dissent.