286 So.2d 903

**Ricky VAN NOSTRAND**

**v.**

**STATE.**

**8 Div. 374.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

Rehearing Denied Oct. 30, 1973.

Cloud, Berry, Ables, Blanton & Tatum, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Walter L. Allen, Sp. Asst. Atty. Gen., for the State.

ALMON, Judge.

The Grand Jury of Madison County charged the appellant with the unlawful possession and sale of one bag of heroin in violation of the Alabama Uniform Controlled Substances Act. The jury found appellant guilty as charged and sentenced him to fifteen years imprisonment in the penitentiary.

The evidence presented at trial showed that during November, 1971, Russell McCulley was working as an informer for the Huntsville Police Department. On the evening in question (there was a conflict in testimony as to whether it was November 26 or 29), the appellant and McCulley were present at a party on Dortmund Drive in the City of Huntsville.

Miss Rose Iaguessa testified on behalf of appellant that she saw McCulley make a telephone call from the party and that shortly thereafter McCulley asked appellant to take him somewhere in a friend's car. Appellant agreed on the condition that Miss Iaguessa could accompany them. According to the witness, appellant then drove at McCulley's request to the International House of Pancakes on Memorial Parkway which had burned. Miss Iaguessa was in the front seat of the automobile and McCulley was in the back. The witness testified that there were no other cars in the parking lot when they arrived. After a wait of approximately fifteen minutes a car pulled up and stopped so that the drivers of the two cars were facing each other. Miss Iaguessa stated that the other driver said, "Hello," and then McCulley said, "Here, hand him this." Appellant then took a small envelope and handed it through the window to the driver of the other car.

The defendant took the stand in his own behalf and testified substantially the same as Miss Iaguessa. He stated that when the other car arrived McCulley said, "Here, hand him this," and he grabbed something and handed it out the window to the driver of the car. The other driver gave him some money which appellant handed back to McCulley. Appellant further testified that he had never had the envelope in his possession prior to that time and that he did not know that it contained heroin.

The State's principle witness, Officer Danny Barnes, testified that he worked as an undercover agent in narcotics for the Huntsville Police Department during November, 1971. He stated that on the evening in question he received a call from McCulley at approximately 7:30 p.m. He arrived at the Pancake House sometime

after 8:00 p.m. Barnes stated that he was the first to arrive in the parking lot. He testified that appellant pulled up and handed him a glassine envelope containing a powder material and Barnes gave him $15.00. Barnes further testified that appellant had told him it was a $20.00 bag, but that some had been taken out. Barnes asked appellant if there was still enough left in the bag for him and his girlfriend "to get off on, to shoot up on" and appellant replied that the bag was big enough for two people.

John Kilbourn of the State Department of Toxicology testified that the envelope contained 47 milligrams of powder consisting of heroin and quinine.

## I

Appellant cites as reversible error the action of the trial court in allowing the district attorney to introduce into evidence a photograph of the appellant at the time of his arrest showing him with extremely long hair. This action was duly objected to by counsel for appellant on the grounds that it was made only to influence the jury and to inflame them against the appellant. Appellant had short hair at the time of trial.

This issue was presented to our Court in the case of Boyd v. State, 50 Ala.App. 394, 279 So.2d 565, 1973. The photograph objected to in *Boyd* showed appellant at the time of the shooting wearing a goatee and a mustache. The Court clearly held that it was error to introduce such a photograph, but went on to decide that it was harmless error. The Court stated:

"We do not think this photograph has any relevancy to any issue in this case. The identity of the defendant was not questioned. The central issue was whether or not appellant fired the shot and why. The district attorney was clearly out of bounds when in his zeal, he offered the picture. The trial court should have sustained appellant's objection thereto. But this was not done.

In applying Supreme Court Rule 45 the Court stated:

"Where as here, an error that might have been prejudicial in a close case does not require reversal when the evidence of appellant's guilt is strong."

The defendant in *Boyd* had signed a valid confession that he fired the gun which killed the deceased but denied any intention to kill the victim. The opinion stated that the evidence for the State was strong and cogent, while the defendant's was weak and unconvincing. The jury had ample evidence to support its finding of guilt on the part of defendant.

In the instant case there was no question concerning the identity of the appellant; thus, there could be no probative value whatsoever in the introduction of the photograph. It cannot be denied that a substantial segment of the public connects "long hair" and "hippies" with the "drug scene." Because of this and due to the nature of the evidence presented in this case, the introduction of the photograph could not have had any effect other than to prejudice the minds of the jury against the defendant.

## II

During the direct examination of Officer Barnes the State was allowed over objection to introduce evidence constituting a separate and distinct offense from that charged in the indictment: to-wit, possessing or giving away marijuana. In allowing this testimony, the trial court erred. See Garner v. State, 269 Ala. 531, 114 So. 2d 385; and Browning v. State, 31 Ala. App. 137, 13 So.2d 54.

## III

After sentencing appellant to fifteen years imprisonment in the penitentiary a hearing was held on October 12, 1972. The first witness to testify was Russell

McCulley, the informer who had accompanied appellant on the night of the alleged sale. In an affidavit introduced in connection with his testimony he stated:

" . . . I made a telephone call to Danny Barnes and told him to meet me at the International House of Pancakes on Drake Avenue. I asked for some one to drive me over there. Tim Cheplen volunteered. I requested Ricky to drive me over there. He refused to go unless Rose, his friend, went with us. The three of us went to the International House of Pancakes. We waited a few minutes. Danny Barnes drove up. I handed a small glascene bag to Ricky who in turn handed it to Danny Barnes out the window. Some money was received but I don't remember how much. I believe the bag contained heroin although I did not open same. I do know the bag that was given Danny Barnes was given by me to Ricky to hand out the window to Danny. The bag and its contents did not belong to Ricky.

"I approached Earl Cloud, Ricky's attorney, in the Courthouse on October 5, 1972, about 3:15 PM and told him what I have set forth in this statement. Mr. Cloud, as far as I know, does not know me nor where I live nor did he seek me out to give this statement. It is made voluntarily because I do not want to see a person falsely accused of something he did not do.

"/s/ Russell McCulley
"Sworn to and subscribed to before me this 5th day of October, 1972.
"/s/ Earl E. Cloud
Notary Public"

McCulley then testified that appellant had received the money and later gave it back to someone at the house. He stated that when appellant got the money from Officer Barnes, appellant attempted to give it to him but he handed it back to appellant. McCulley also stated that the appellant had told Barnes that it was enough to get "him and his girlfriend high on." When asked who initially received the packet of heroin, McCulley responded that appellant had but that he then gave it to McCulley when they got in the automobile.

On cross-examination McCulley stated that he had spent the previous night in county jail. He had been picked up and taken to the district attorney's office. The district attorney had told him "that if the first affidavit was taken at face value that Ricky would probably get off and that I would probably be in prison for the sale of heroin." McCulley also stated that he received twenty five dollars "for turning Ricky in" and that the reason he turned Ricky in was that he understood at the time that Ricky was passing stuff to a fourteen year old girl. He later found out that this was untrue but he had already turned appellant in. The witness stated that everything in the affidavit was true but that some facts had been omitted.

Appellant argues that because of the above testimony elicited during the hearing his motion for new trial should have been granted.

Due to our reversal on other grounds, there is no necessity to review the trial court's ruling on this issue.

■ It should be noted that Count Two of the indictment which charges the unlawful sale of heroin failed to allege the vendee. We consider however the grounds of demurrer as too general to raise the issue. Duin v. State, 288 Ala. 329, 260 So.2d 602; Pettry v. State, 47 Ala.App. 237, 252 So.2d 659; Adkins v. State, 51 Ala. App. 552, 287 So.2d 447, 1973.

For the above stated reasons the judgment in this cause is due to be reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.