John URBANSKI, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

June 20, 1975.

Jack Emory Farley, Public Defender, J. Vincent Aprile II, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, William M. Gant, Commonwealth's Atty., Owensboro, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment sentencing appellant to confinement in the penitentiary for five years and imposing a fine of $3,000.00 upon his conviction of the offense of the sale of a controlled substance, viz., Lysergic Acid Diethylamide. We affirm.

At the trial the appellant was dressed in a suit and tie and, we are informed by appellant's brief, with much shorter hair and beard than when he was arrested. Over appellant's objection the Commonwealth was permitted to prove that at the time of his arrest and during a period of observation prior thereto by an undercover agent, the appellant customarily dressed in old Army shirts, trousers and jackets and wore shoulder-length hair and a beard.

Likewise, over objection, a picture of appellant, taken while he was in custody, was introduced in evidence. The picture depicts a male with long, stringy, unkempt hair, and a profuse beard and mustache obscuring a large portion of his face from vision, wearing an unbuttoned, wrinkled shirt.

The trial judge admonished the jury that appellant was not being tried for his appearance but for the illegal sale of drugs.

Appellant contends that the description of his former appearance and style of dress and the introduction of the picture which demonstrated it more graphically were prejudicial because a substantial segment of the public connects "long hair" and "hippies" with the drug scene.

In Van Nostrand v. State, 51 Ala.App. 494, 286 So.2d 903 (1973), it was held that

the introduction of a photograph similar to the one in question here had no probative value since there was no question of identity and was prejudicial because a substantial segment of the population connected "long hair" and "hippies" with the drug scene.

In State v. Ostrand, 219 N.W.2d 509 (Iowa 1974), reversed upon other grounds, it was directed that a similar photograph not be admitted in evidence upon a new trial.

Apparently this issue is a matter of first impression in Kentucky. We are not convinced that it was error to admit evidence of the mode of dress and appearance of the appellant under the circumstances of this case.

Even though the picture was introduced before appellant testified he appeared before the jury dressed and coiffed in a manner entirely inconsistent with his usual mode of dress and appearance. One reason for this could have been an attempt to convince the jury by his appearance that he could not have gained entree to the drug-using populace.

It appears to us that he attempted to sail under false colors and for whatever weight it might have the Commonwealth was entitled to set the record straight and to show him as he usually and customarily appeared rather than as he chose to appear for the occasion. Cf. State v. Mordecai, 83 N.M. 208, 490 P.2d 466 (1971), and State v. Pollard, Mo., 447 S.W.2d 249 (1969).

■ Appellant also contends that an instruction upon reasonable doubt which informed the jury that it must ask itself not whether a better case might have been proven, but whether, after hearing and considering all the evidence, it sincerely doubted that the defendant was guilty, was erroneous.

We considered and rejected a similar argument in Evans v. Commonwealth, Ky., 474 S.W.2d 370 (1971), and we are not persuaded to depart from the views we expressed therein.

Appellant asserts numerous other allegations of error, none of which have been properly reserved for review by this court.

The judgment is affirmed.

All concur.