TAYLOR, Judge.
Appellant, John William Landers, was indicted by the Morgan County Grand Jury for the possession of marijuana. He was subsequently found guilty, and was sentenced to a term of imprisonment of eight years, and was fined $25,000. From this judgment and sentence, Landers now appeals.
The evidence indicates that appellant had, on some occasions, stayed at the residence of Joel Brent Calhoun, which was the subject of a search on August 7, 1981. Luggage with appellant’s initials on it, as well as some papers concerning the purchase of a car by appellant, were found in one bedroom of the house. While none of the marijuana found in the residence was found in that bedroom, testimony was given by two witnesses that they had purchased marijuana from appellant at the house.
Appellant contends that the trial court erred in allowing into evidence the product of searches conducted on vehicles owned by Joel Calhoun which were found on the premises. Appellant arrived at the Calhoun residence after officers had arrived and were carrying out the search warrant. He was driving a Chevrolet Corvette, a subsequent search of which revealed no marijuana.
Investigator Tom Little was allowed, over the timely objection of appellant, to testify as to the product of his search of Joel Calhoun’s vehicles. In these vehicles, Little testified that he discovered some 64 pounds of marijuana, 1010 quaalude tablets, and three ounces of cocaine.
The state, citing Smith v. State, 393 So.2d 529 (Ala.Cr.App.1981), contends that the evidence of crimes committed by Calhoun was relevant to issues presented in the trial of appellant for the offense of possession of marijuana. We do not find that Smith, supra is applicable to the instant case. In the absence of any evidence tending to show ownership, control, or occupancy of these vehicles by appellant, we find that it was error to admit into evidence the various products of their search. See Van Nostrand v. State, 51 Ala.App. 494, 286 So.2d 903 (1973); DeGruy v. State, 56 Ala.App. 521, 323 So.2d 406 (1975).
An examination of the other issues raised by appellant reveals that they have no merit, and that they need not be addressed here, as they will have no bearing upon a retrial. For the foregoing reason, we find that this case is due to be reversed and remanded for new trial.
REVERSED AND REMANDED.
All the Judges concur.