210 So.2d 424

**Ralph D. TRUEX**

v.

**STATE of Alabama.**

**7 Div. 798.**

Supreme Court of Alabama.

May 2, 1968.

Hank Fannin, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is an appeal from a verdict of guilty of murder in the first degree, for which the defendant received a sentence of life imprisonment.

The defendant was indicted for the murder of Mrs. Sallie Odessa Jones by shooting her with a rifle. He was represented at the trial by counsel and counsel has been provided to aid in his appeal.

The only error contended involves statements made by the defendant to the sister of the deceased at the time of the killing, which were allowed in evidence over

objection interposed by defense counsel, and statements allegedly made by him a few days later while in the hospital recovering from self-inflicted gunshot wounds.

Defendant contends that it was error to allow in evidence the testimony of Mrs. Ester Kendrick to the effect that about 1:00 P.M. on June 19, 1966, the defendant came to her home and told her to come with him that he wanted to show her something; that she followed the defendant to her sister's home where she found her sister lying on the kitchen floor; that she asked the defendant, "My God, what happened to her?" The defendant replied, "I killed her. But I loved her."

■ The objection to this testimony rests in the contention that Mrs. Kendrick failed to apprise the defendant of his constitutional right to remain silent. We are constrained to agree with the Supreme Court of Nevada that the substance of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) have no application when confessions or admissions otherwise admissible are given to persons who are not officers of the law nor their agents. Schaumberg v. State, Nev., 432 P.2d 500 (1967).

Additionally, we do not believe that the second error insisted upon has any merit. Defendant argues that the court erred in permitting a police officer who was called to the scene of the alleged crime to testify as to remarks made by the defendant to him. Officer Bryant, a city police officer, was the first law enforcement officer to arrive. Upon arrival he testified that he found the deceased lying on the kitchen floor, and the defendant, wounded, lying beside the body. Officer Bryant testified that the defendant, in response to his question, "Ralph, what happened?" said "Baby, I told you I loved you. I told you I would kill you if you didn't go with me."

■ It is the defendant's contention that this evidence was improperly admitted in that the officer failed to apprise the defendant of his constitutional rights. We do not believe that the admonitions of Escobedo and Miranda, supra, apply here. In Miranda the Supreme Court of the United States expressly said, "We deal with the admissibility of statements obtained from an individual who is subjected to custodial police interrogation * * *." That is not the case here. The court went on to define what was meant by custodial interrogation, as follows:

"* * * we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

In this case the officer involved had been summoned to the home of the decedent. He was a city officer and his jurisdiction was that of the sheriff of the county. Officer Bryant made no effort to take the defendant into custody, did not question him beyond the foregoing, and simply waited there until the sheriff arrived. We do not believe under these circumstances error prevailed.

■ It is suggested by the appellant that error occurred in the statement made by the defendant to the sheriff eight days after the shooting and while the defendant was in the hospital. It might be that such would have been the case had the statement been introduced by the state. On the contrary, this statement was put in the record by the defendant himself. There can be no error predicated upon its admission.

We have carefully examined this record for error and find none.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.