278 So.2d 242

**Wilton ZELLERS**

v.

**STATE.**

**3 Div. 187.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

J. B. Nix, Jr., Evergreen, for appellant.

William J. Baxley, Atty. Gen., and George M. Van Tassel, Jr., Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

A jury convicted appellant of murder in the second degree, which was charged in the indictment, and fixed his punishment at fifteen years imprisonment in the penitentiary. Judgment therefor, after due allocu-

tion, was properly entered. The appeal is from the judgment and for a review of the proceedings at the trial.

The homicide occurred in the late afternoon or early evening of December 11, 1971, at the home of appellant. The victim, Ray Woods, along with Brenda Bishop, a sister of appellant's wife, Barbara Smith, a friend of Woods, had arrived about 3:30 P. M. from Montgomery where the visitors lived. The victim was a stepbrother of Brenda Bishop and of the appellant's wife.

When the visitors arrived, appellant was not at home but came in later in the afternoon. We infer from the evidence that there was not much cordiality between Woods and his visitors, but no reason therefor appears in the evidence. For aught that appears, all were on good terms, but silence prevailed after the arrival of Zellers. At least this was Zeller's testimony.

Appellant took his single barrelled shotgun from the rack on the wall with the intention of "going coon hunting." He testified that Woods thereupon suggested that appellant stay at home with his wife and baby. At this point appellant replied, so the testimony goes, that Woods did not have any business telling him what to do. There was some testimony that appellant had been drinking moonshine liquor that afternoon.

Woods got up and went in the direction of the front door as if to leave, which appellant directed him to do. Appellant contends at this point that, as he was looking backwards, Woods whirled with a stick of wood in his hand and advanced toward him in a menacing manner. Appellant testified that as Woods was advancing toward him with the stick of wood, the shotgun, in which he had placed a shell after taking it from the rack, fired without any voluntary action on his part.

There were many areas of disputed testimony relating to the res gestae of the homicide. We will not burden this opinion with these areas. Suffice it to say that the jury resolved them in favor of the State and convicted the appellant of the offense charged in the indictment.

Appellant here contends that the trial court allowed the prosecution, over his objection, to impeach certain parts of his wife's testimony without laying a lawful predicate therefor. We think the contention is not in harmony with the record from which we quote below:

"Q. Do you remember a conversation you had with Deputy Sheriff Marshall Jones here?

"A. No, sir.

"Q. You don't remember talking to him about this that night.

"A. Yes, sir, I talked to him but I didn't—

"Q. Do you remember talking to him and telling him what happened that night?

"A. Yes, sir, I talked to him.

"Q. Where did you talk to him—do you remember?

"A. Down at the station.

"Q. Did you talk to him up here at the jail too?

"A. That's at the station.

"Q. That's the station?

"THE COURT: I think that is what she is calling the station.

"Q. And that was that night about 11:50—around 12:00 o'clock—that night after this happened?

"A. I don't know what time it was.

"Q. But you remember talking to him up there at the jail on that occasion?

"A. Yes, sir.

"Q. And Dr. Price was there. Do you remember whether or not Dr. Price, the coroner, was there at that time?

"A. Yes, sir.

"Q. Do you remember anybody else being there other than those two?

"A. No, sir.

"Q. Do you remember making a statement or telling Mr. Jones that you didn't see the shots being fired?

"A. No, sir.

"MR. NIX: We object, if the Court please.

"THE COURT: Overrule the objection.

"Q. You don't remember telling him that?

"A. No, sir.

"Q. You don't remember telling him that just as you walked in, the shot was fired—

"MR. NIX: I object.

"THE COURT: Overrule it.

"Q. You don't remember telling him that or making that sort of statement? Do you remember making those statements or a similar statement?

"A. I didn't tell him I didn't see the shot because I saw the shot."

Questions propounded to the deputy and answers thereto are as follows:

"Q. Mr. Jones, do you recall having a conversation with one Debbie Zellers on the night of this occurrence?

"A. Yes, sir.

"Q. Where did it take place?

"A. The first time was at the Zellérs residence.

"Q. Do you remember having a conversation with her at the sheriff's office?

"A. I do.

"Q. Who was present?

"A. Deputy Weaver and Dr. Price, the coroner.

"Q. I'll ask you—at that time, did she tell you, in substance, that when her husband shot this deceased, she had just come in from outside and didn't see the shot?

"MR. NIX: I object.

"THE COURT: Overrule it.

"A. Yes.

"Q. Did she state that to you? Did she say to you that she did not see the defendant when he did the shooting?

"MR. NIX: I object.

"THE COURT: Overrule it.

"A. She said that she didn't see the defendant.

"Q. Did she state that to you?

"A. She didn't see the defendant."

It is to be noted that Mrs. Zellers testified that she didn't tell the deputy that she didn't see the shot fired, because she did see it. There was only one shot fired. According to appellant's testimony this shot was fired while the gun was in his hands. If Mrs. Zellers saw the gun fired, as she testified, she saw appellant. If she did not see the shot fired, then she did not see her husband at that particular time.

■ The testimony elicited from Mrs. Zellers, although lacking specificity, contained sufficient predicate to authorize the testimony of the deputy that Mrs. Zellers told him that she did not see the defendant when he did the shooting. We see no error in the admission of this testimony for lack of a predicate. Jackson v. State, 35 Ala.App. 542, 50 So.2d 282.

Appellant next contends that the trial court erred in admitting in evidence, over his objection, a photograph of the deceased and his fatal wound. The record shows that the objection was sustained "for the time being." On page 45 of the transcript the State again offered the picture to which appellant objected. The court stated, "I reserve a ruling at this time."

We fail to find in the record where the trial court vacated its ruling or permitted the photograph to be admitted in evidence. We are bound by the record. MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570. Appellant's contention in brief that the photograph was admitted cannot be taken to supplement or contradict the record. Nelson et al. v. Hammonds, 173 Ala. 14, 55 So. 301; Mauldin v. Mount Hebron U. Meth. Church of Ala.-Fla. West Conference, 289 Ala. 493, 268 So.2d 770.

We fail to find in the record any prejudicial error committed by the trial court that would justify a reversal.

The judgment in this cause is affirmed.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 5, 1945, as amended; his opinion is hereby adopted at that of this Court.

Affirmed.

All the Judges concur.