287 So.2d 910

**Julius BROWN, alias**

**v.**

**STATE.**

**6 Div. 592.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

Rehearing Denied Oct. 30, 1973.

586

Elwood Rutledge, Haleyville, T. K. Selman and Hugh Beaird, Jasper, for appellant.

William J. Baxley, Atty. Gen., and Thomas W. Sorrells, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Murder in the second degree: sentence, ten years in the penitentiary.

I

June 20, 1971, which coincidentally was Father's Day that year, Brown shot and killed his wife.

His defense was insanity. His daughter, Mrs. Bobby R. Aderholt, Drs. Julian C. Gant, Joseph Willoughby, and Charles W. Deckner, and three business associates gave testimony as to Brown's behavior, including his drinking. The experts (as well as the other witnesses) gave opinions that he was insane. Brown did not testify.

II

The first claim of error arises from the denial of a motion for a continuance. The ground was based on the late entry into the cause of a Special Assistant Attorney General, Hon. Joe James, to help prosecute because the Deputy District Attorney had undergone surgery.

Mr. James had represented Mrs. Brown in a divorce suit. He had hired a Nashville detective to investigate the appellant, particularly with respect to a woman who had worked for Brown at his Nashville lumber yard.

So far as this detective's report was made to appear from Mr. James's testimony regarding the motion, the work product

would have been inadmissible as hearsay. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, is not a fishing license.

We find no abuse of discretion in denying the continuance. Butler v. State, 285 Ala. 387, 232 So.2d 631.

### III

After the trial judge concluded his oral charge he then took up the tendered written charges, seventy-six in number. Sixty-six were given.

 Appellant complains that it was error for the judge to have made the following remark:

> " * * * It will take some time to read these, gentlemen, but I will have to take the time to do it."

The record shows, however, that the appellant did not except to this remark until after the jury had retired. Furthermore, in view of the large number of requested charges we find nothing amiss in the comment.

### IV

One of the claimed contributing causes of Brown's mental disturbance was alleged to have resulted from the divorce suit. This suit filed by him evoked a cross bill. Mr. James wrote a Nashville bank stating that his client, Mrs. Brown, would not consider herself responsible for any debts secured by paper which she executed with her husband beyond the amount for which she was then liable.

This letter apparently had a chilling effect on the bank's financial friendship for Brown. Brown seems then to have indulged in more drinking.

A number of other enquiries regarding monetary matters between husband and wife were excluded. We find no error in heading off a proliferation of issues which would have required Ariadne's trail of twine to have got the jury out of the labyrinth of logic from issue to issue, back to the essential general issue.

### V

Finally, we find no breach of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 12 L.Ed.2d 694. The defendant blurted out to Judge Aderholt (his son-in-law) without any question being put, "It is all over now. You all can call the police and they can electrocute me." Nor did a similar remark to a policeman in a like situation require warnings to Brown to make the statement admissible. Truex v. State, 282 Ala. 191, 210 So.2d 424; Veith v. State, 48 Ala.App. 688, 267 So.2d 480.

We have searched the entire record as required by Code 1940, T. 15, § 389 and consider the judgment below is due to be

Affirmed.

CATES P. J., and TYSON, HARRIS and De CARLO, JJ., concur.

ALMON, J., not sitting.