BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for robbery of a pharmacy, convicted by a jury, and sentenced by the court to thirty years imprisonment.
The alleged robbery occurred in the afternoon of February 20, 1978, in Jefferson County.
Appellant complains and argues that the court erred in refusing to charge on the lesser included offenses of robbery.
After the conclusion of the oral charge the Deputy District Attorney stated that he was satisfied with the court’s oral charge, and the defendant answered the court’s inquiry: “Defense objects to no mention of lesser included offenses in this charge”.
There were no requested charges in writing by either the State or defendant. Pre-termitting consideration of the sufficiency of the objection, we hold that the evidence, which was undisputed, clearly showed that a robbery as charged in the indictment was committed. The only factual issue was whether or not defendant-appellant was the one who committed the robbery. We note that defendant did not take the stand. The court, in view of the evidence, was not obligated to charge on lesser included offenses. Browder v. State, 54 Ala.App. 369, 308 So.2d 729(7), cert. den. 293 Ala. 746; Brooks v. State, 36 Ala.App. 310, 55 So.2d 366(2).
A second contention is that the trial court committed error in allowing the State to introduce evidence relative to mug shot photographs of defendant.
This mug shot was a photograph of defendant shown the .victim of the robbery and two other employees for identification of the alleged robber. This photograph was one of eight or nine others shown the above persons, but not in each other’s presence. These three persons promptly selected the picture of defendant as the guilty person who did the robbing.
Mrs. Mullendore, the victim, and one of the employees, and Laney Christopher, the other testified in court. The third witness, an employee by the name of David Wiley, did not testify. Wiley was at work in the drug store when defendant was allegedly present, but left before the actual robbery took place. Sergeant Thornton, a witness for the State, testified that Wiley had written on the back of the picture to the effect that this was the man “who robbed us”. Complaint is made that defendant was denied his constitutional right “to confront and cross-examine the witness”.
The record shows that Sergeant Thornton did testify to the effect indicated, supra, but it was brought out on cross-examination by defendant’s counsel and not by the State on direct examination of Sergeant Thornton. (Record pages 104, 105, 106).
Appellant’s assertion of error with respect to this testimony has no merit.
There is no merit in the motion for a new trial. It was properly overruled. There was ample evidence supporting the indictment that defendant was the guilty robber. There is only one ground in the motion, namely, the “verdict was against the great weight of the evidence”.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.