JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Montgomery County returned an indictment for robbery against the appellant, Ralph Jackson, and he entered a plea of not guilty, and was convicted and sentenced to 20 years imprisonment.
The appellant was at all proceedings in the trial court represented by counsel of his own choice, and is represented in this Court by the same counsel under court appointment. This appeal was submitted to this Court on briefs.
The appellant in his brief contends that the trial court erred to his prejudice on two grounds: First, by permitting Officer Mob-ley, a state witness, to testify as to a prior oral statement attributed to the appellant without first showing that it was voluntary; second, by permitting state’s witness, Mob-ley, to testify on rebuttal to a statement attributed to the appellant when no showing or predicate had been laid.
The record in this case shows that state’s counsel on cross-examination of the appellant, who was a witness in his own behalf, asked the appellant this question: “Didn’t you tell the police that you were over in Tuskegee the afternoon of that robbery shooting diceV to which question the appellant answered: “No.” After the answer was in evidence the appellant’s counsel objected; the court asked appellant’s counsel: “What grounds?” The appellant’s counsel answered the court by stating: “No proper predicate.” The court then said, “sustained.” There was no motion to strike or exclude the answer from the evidence. Then the state asked appellant: “Have you ever told anybody at any time anywhere that you were somewhere else on that day?” The answer of appellant was: “No.” After the appellant rested his case and in rebuttal Officer Mobley was called by the state to testify and was asked the question: “All right. What statement, if any, did he (meaning the appellant) make to you concerning the robbery?” Appellant’s counsel objected, and the court asked for his grounds, and appellant’s counsel stated: “No proper predicate.” The court then said: “Overruled.” Whereupon the question was repeated and answered by Mobley, as follows: “He said that he remembered the robbery, that it happened on a Friday *948 and on this particular Friday he was in Tuskegee shooting dice. He remembered this particular incident because it was the last time he had shot dice until we picked him up.”
There was a recess of the trial and the court had a hearing out of the presence of the jury. The evidence before the judge was to the effect that at the time the appellant was being taken from his home to police headquarters the appellant was in the police car with Officer Mobley and Officer Roy, and appellant asked the officers what it was about. That the officers told the appellant that it was about the robbery of the Uniformicy Shop that occurred on August 19,1977, and that the appellant replied by saying, “Yeah, I remember that; that was on a Friday and I was shooting dice in Tuskegee.” The court ruled that he would allow Officer Mobley’s testimony before the jury about the appellant’s oral statement to stay in evidence.
The court proceeded with the trial in the presence of the jury.
From the record it further appears that the statement now complained of by the appellant was first introduced in evidence before the jury by appellant’s counsel when appellant’s exhibit number 1 was introduced during his cross-examination of state’s first witness, Ellen Powell, who was one of the persons alleged to have been robbed. Appellant’s exhibit 1 contains the following statement attributed to appellant, and made in the presence of Officers Mob-ley and Roy: “He did make the comment on the way in to headquarters that he did remember the robbery and that he remembered that it happened on Friday and that particular Friday in August, 1977 and that he was in Tuskegee that day shooting dice and that he hadn’t shot dice since that time.”
We address both errors complained of in appellant’s brief together. The appellant by introducing into evidence appellant’s exhibit 1 containing the matter now complained of cannot complain of error on the part of the trial court because one should not be allowed to lead the court into error during trial and then complain of his own action on appeal. Carlile v. State, Ala. Cr.App., 372 So.2d 1348; Cert. Denied, Ala.Cr.App., 372 So.2d 1350; Truex v. State, 282 Ala. 191, 210 So.2d 424; So.Dig.Vol. 9, Criminal Law 1137(5).
The statement attributed to the appellant was not in answer to a question propounded by an officer of the law but was a purely voluntary statement made by the appellant before he was questioned by officers, when the appellant asked the officer the question of what it was all about. Garrison v. State, Ala.Cr.App., 372 So.2d 55; Twymon v. State, Ala.Cr.App., 358 So.2d 1072; Hammons v. State, Ala.Cr.App., 371 So.2d 986.
We hold that the trial court did not err to the prejudice of the appellant on the grounds set out in his brief.
We have carefully searched the entire record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.