MADDOX, Justice.
The defendant appeals the circuit court’s ruling that his prosecution be transferred from Family Court to the Circuit Court of Jefferson County for trial as an adult. We affirm.
The issues presented and discussed are:
(1) Whether the trial judge adequately set forth in writing his reasons for ordering the defendant transferred so as to provide a meaningful review on appeal; and
(2) Whether the defendant’s previous statement to law enforcement authorities, while in the presence of a court-appointed attorney, is admissible at the hearing on the motion to transfer.
Billy Wayne Carpenter was seventeen years old when he was arrested on December 23,1978. A petition was filed in family court alleging that he was delinquent, in that on or about the twenty-first day of December, 1978, he unlawfully and with malice aforethought killed Oscar Carden by shooting him with a pistol. The Deputy District Attorney subsequently filed a motion to transfer Carpenter to the circuit court for trial as an adult.
The family court granted the motion after a hearing was held. Carpenter appealed to the circuit court for a de novo review. Code 1975, § 12-15-120.
After hearing all testimony in the matter, the trial judge entered the following order:
“This the 21st day of May, 1979, this cause coming on for hearing and there being present in open Court the child, Billy Wayne Carpenter, with his attorney, Honorable Mike McCormick, the Deputy District Attorney, Honorable David Barber, and it being shown to the Court that this is an appeal from the Family Court for Jefferson County, Alabama, and the Court having heard the sworn testimony taken in open Court, including that of Darryl Carden, Jay Glass, Paul Couch, Robert Padgett, Walter Lewis, Jr., James Wayne Evans and Chauncey Tyrone Simmons, finds that the State of Alabama has established probable cause by sufficient evidence to show that the said Billy Wayne Carpenter did on or about the 21st day of December, 1978, in Jefferson County, Alabama, unlawfully and with malice aforethought kill Oscar Carden by shooting him with a pistol as alleged in the original petition and the Court having taken further testimony, including the sworn testimony of Cornelius Washington and Ron Smith, and the Court having further taken into consideration the nature of the pending alleged offense, the child’s demeanor, the extent and nature of the child’s physical and mental maturity and the interest of the community and the child, and the Court further finds that the Honorable G. Ross Bell, Judge of the Family Court for Jefferson County, Alabama, did not abuse his discretion in transferring the said Billy Wayne Carpenter to be tried as an adult and the Court having tried this matter de novo, it is therefore, ordered, adjudged and decreed that this cause be and is hereby transferred to the Criminal Division of the Circuit Court for the Tenth Judicial Circuit of Alabama as provided by Section 12-15-34, Code of Alabama 1975.”
We find that the trial court adequately set forth in writing its reasons for transferring the case. This Court has previously held that orders such as the one issued in this case are sufficient to provide a meaningful review on appeal as mandated by Code 1975, § 12-15-34, and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Brown v. State, 353 So.2d 1384 (Ala.1978).
We have reviewed the entire record and find that the evidence produced shows that the trial court, after viewing the factors required by law to be considered, correctly determined that the matter should be transferred. Terrell v. State, 379 So.2d 1238 (Ala.1979).
The defendant also claims the trial court erroneously admitted the testimony of *732 a law enforcement officer concerning a statement made by the defendant while in the custody of the family court. The record indicates a court-appointed Legal Aid attorney was present during the interview for the purpose of representing the defendant. The attorney asked the defendant if he objected to making a statement; the defendant replied that he did not, and a statement was then made.
Code 1976, § 12-15-67, and Rule 21, A.R. J.P., provide that statements made by a child to law enforcement authorities are inadmissible unless the child is advised by counsel. We affirm the finding by the trial court that the defendant was adequately advised by counsel, and that the statements were, therefore, admissible.
The judgment ordering transfer is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.