PER CURIAM.
Petitioner was convicted in the Circuit Court of Montgomery County on September 19, 1978, of the offense of robbery and was sentenced to twenty years’ imprisonment. On appeal, the Court of Criminal Appeals, 389 So.2d 946 affirmed his conviction. Petitioner filed a rehearing petition, along with an ARAP 39(k) motion. The Court of Criminal Appeals overruled Petitioner’s motion for rehearing without opinion.
The Issue: Did the Court of Criminal Appeals err in not reversing the conviction when the trial Court permitted a rebuttal witness to testify as to statements attributed to the Defendant, when the Defendant, as a witness, had not been asked if he had made such declarations? We hold that it was error to affirm the conviction. Thus, we reverse and remand to the Court of Criminal Appeals.
The well-settled rule here applicable is stated in Edwards v. State, 279 Ala. 371, 185 So.2d 393 (1966): “A witness cannot be impeached by proof of contradictory statements made by him, whether oral or in writing, without first asking him whether he made such declarations.”
The Court of Criminal Appeals accepts the Edwards principle as the premise for its consideration; but it invokes the equally well-settled exception grounded in Carlile v. State, 372 So.2d 1348 (Ala.Cr.App. 1979); and Truex v. State, 282 Ala. 191, 210 So.2d 424 (1968), to the effect that “one should not be allowed to lead the court into error during trial and then complain of his own action on appeal.”
Our examination of the record on appeal (for the sake of clarity and as aided by counsel’s use of Rule 39(k)) discloses that the appellate Court’s misapplication of the Truex exception is the result of its error in confusing a three-page “State’s Proposed Exhibit” (which, in fact, was never admitted) as pages 2, 3, and 4 of Defendant’s Exhibit No. 1 (which, in fact, contained only one page).
Once this inadvertence is corrected, it is clear that the trial Court erred in not sustaining the Defendant’s objection, on lack of proper predicate grounds, to the State’s offer to impeach the Defendant under the instant circumstances. The mere testimony of Defendant that he had made no statement to anyone concerning his whereabouts on the date in question or that he was in any other city on that date falls short of the requisite predicate for impeachment by a prior inconsistent statement. See Zellers v. State, 50 Ala.App. 241, 278 So.2d 242 (1973).
REVERSED AND REMANDED.
All the Justices concur, except for BLOODWORTH, J., not sitting.