LEIGH M. CLARK, Retired Circuit Judge.
A jury found appellant-defendant guilty of murder in the second degree and fixed his punishment at imprisonment for twenty-five years. He was sentenced accordingly. The indictment alleged:
“The Grand Jury of said County charge that before the finding of this indictment, Billy Wayne Carpenter, whose name is to the Grand Jury otherwise unknown, unlawfully, and with malice aforethought, killed Oscar Carden by shooting him with a pistol against the peace and dignity of the State of Alabama.”
One of the five contentions for a reversal is stated in appellant’s brief as follows:
“The court committed reversible error by allowing the State to introduce into evidence the Appellant’s inculpatory statement made to law enforcement officers without the advice of counsel.”
The same contention was determined adversely to appellant in Carpenter v. State, Ala., 378 So.2d 730-731 (1979), wherein the issue was between the same parties as the parties in the instant case. The Supreme Court held in that case:
“The defendant also claims the trial court erroneously admitted the testimony of a law enforcement officer concerning a statement made by the defendant while in the custody of the family court. The record indicates a court-appointed Legal Aid attorney was present during the interview for the purpose of representing the defendant. The attorney asked the defendant if he objected to making a *112 statement; the defendant replied that he did not, and a statement was then made. “Code 1976, § 12-15-67, and Rule 21, A.R.J.P., provides that statements made by a child to law enforcement authorities are inadmissible unless the child is advised by counsel. We affirmed a finding by the trial court that defendant was adequately advised by counsel, and that the statements were, therefore, admissible.”
Notwithstanding some details in the evidence on the point on the trial of the case that perhaps are not found in the evidence on the hearing in Carpenter, supra, for the purpose of determining whether the case should be transferred from family court to the circuit court, the question was essentially the same then as it is now, and we reach the same conclusion, that the trial court was not in error in admitting the statement.
Another contention of appellant is that the indictment was void in that at the time of the indictment the defendant was “under the original jurisdiction of the Family Court.” As shown by Carpenter, supra, appellant was seventeen years old at the time of the commission of the alleged crime, a petition was filed in family court alleging his delinquency and that he had unlawfully and with malice aforethought killed Oscar Carden by shooting him with a pistol; an attorney for the State filed a motion to transfer him to “the Circuit Court for trial as an adult.” The family court granted the motion after a hearing; Carpenter appealed to the circuit court for a de novo review. After such de novo review the circuit court ordered transfer of the cause to the “Criminal Division of the Circuit Court for the Tenth Judicial Circuit of Alabama as provided by Section 12-15-34, Code of Alabama 1975.” Such order was entered on May 21, 1979. The indictment had been returned on March 9, 1979, and a copy served on the defendant. On March 23, 1979, he was arraigned and made application for treatment as a youthful defendant, which was denied. Appellant cites some sections of Chapter 15, (Juvenile Proceedings) of the Code of 1975, but therein we find nothing to support appellant’s position that “at the time of Appellant’s indictment in March of 1979 he was still under the original jurisdiction of the Family Court.” Without attempting to decide at this time the status of any indictment against a juvenile for a felony that is returned at a time in which a proceeding in a juvenile court is pending against him for alleged delinquency based on particular conduct involved in the indictment, this appellant’s status at the time of the return of the indictment against him was not that of a juvenile against whom proceedings were pending in a juvenile court. On the contrary, previous proceedings against him in the family court were no longer in existence, for the case had been transferred to the circuit court about two weeks before the indictment was returned. At the time of the indictment, there had been no appeal from the judgment or order transferring the cause, but even if there had been an appeal, it would not have stayed “the order, judgment or decree appealed from.” Code of Alabama 1975, § 12-15-120(d). Defendant’s motion to quash the indictment, by which he challenged the validity of the indictment for reasons we have discussed above, was properly overruled.
Defendant challenged the indictment by a demurrer also. One ground thereof states: “That the facts as alleged are vague, indefinite, overbroad and the Defendant is not apprised of that which he is called upon to defend.” The parties are in accord that the indictment charges murder in the first degree and that it is in Code form for such an indictment. Code of Alabama, § 15-8-150(72). There is accord between the parties also to the effect that the evidence in the case shows that the appellant herein did not actually shoot a gun and thereby kill the alleged victim, as alleged in the indictment, but the prosecution proceeded on the theory amply supported by the evidence that the victim was killed in the manner alleged in the complaint by Stanley Lee James while he was engaged in a robbery and that appellant herein, with two others, was an accomplice in the robbery. *113 Code of Alabama 1975, § 13-1-70, provides in pertinent part:
“Every homicide perpetrated by poison, lying in wait or any other kind of willful, deliberate, malicious and premeditated killing; or committed in the perpetration of, or the attempt to perpetrate, any arson, rape, robbery or burglary ... is murder in the first degree .... ”
The issue between the parties is whether, under the circumstances of this case, defendant was denied the right “to be informed of the nature and cause of the accusation” against him as provided by the Sixth Amendment to the Constitution of the United States, or “to demand the nature and cause of the accusation,” as provided by Art. I, Sec. 6, of the Constitution of Alabama of 1901. For a better understanding of the problem presented by the issue now under consideration, a summary of the evidence would be of some benefit. Except as to a few details, there was no material dispute.
Prior to the trial in the instant case, two trials had been conducted as to the same homicide, one in which Stanley Lee James was charged under Code of Alabama, § 13-ll-2(a)(2), with intentionally killing Carden during the course of a robbery or attempt to rob him. In accordance with a plea bargaining arrangement, a jury found James guilty and fixed his punishment at death, but thereafter, pursuant to §§ 13-11-3 and 13-11-4, the court sentenced him to imprisonment for life without parole. See James v. State, Ala.Cr.App., 380 So.2d 995, cert. denied, Ala., 380 So.2d 999 (1980).
In another of the other two cases, James Earl Carpenter, an older brother of the appellant herein, was found guilty of murder in the first degree and his punishment was fixed at imprisonment for life. In the opinion in that case Carpenter v. State, Ala.Cr.App. (Ms. 6 Div. 154, June 30, 1980), Judge Tyson narrates the evidence, which was substantially the same as the evidence in the instant case, with the exception that neither of the two brothers testified in the other’s case, but each testified in his own case to the effect that he voluntarily accompanied Stanley Lee James to the Mountain Brook Swim and Tennis Club on the night of December 21-22, 1978, at the suggestion and request of Stanley Lee James, who informed them and Chauncey Simmons of his plan to go to the Club and “tie the guard up and lock him in a room” and then take liquor and money from the Club. According to the undisputed evidence, the mission was accomplished. Appellant herein drove the other three to and from the Club. However, his testimony was to the effect, and there was little, if any, substantial evidence to the contrary, that the actual shooting of the guard (the named victim) was committed by James while neither of the Carpenter brothers nor Chauncey Simmons was with the victim or with James.
The contention of appellant that he was denied his right to be informed of the nature and cause of the accusation against him has been rejected time and again, particularly in the recent case of Garrett v. State, Ala., 369 So.2d 833, 837, in which Justice Embry states:
“The trial court in its charge to the jury included instructions concerning the felony-murder doctrine. Garrett contends this was error because the indictment did not refer to the doctrine. Yet it did charge a violation of § 13-1-70.... Garrett cannot successfully maintain he had no notice that he was charged with felony-murder because it is included in the statutory definition of murder in the first degree.
“Although it would have been preferable for the indictment to have been more specific, the fact that it wasn’t does not create a fatal variance. Harvey v. State, 341 So.2d 187 (Ala.Cr.App.1977); State v. Smith, 223 N.C. 457, 27 S.E.2d 114 (1943).”
In accordance with Garrett and other authorities, we must conclude that defendant’s demurrer to the indictment was properly overruled and that there was no variance between the indictment and the proof. Moreover, we should say that in this particular case, whatever possibility there might *114 be in some cases for injury to a defendant by reason of the omission in an indictment for murder in the first degree of language that would call his attention to his susceptibility to a conviction under the felony-murder doctrine, to assume that such an injury was caused to this appellant, when his brother had been previously convicted under the same form of an indictment and in accordance with the same felony-murder doctrine, would be in ignoration of the obvious reality of the contrary. He was not surprised; he was to no extent misled; by the demurrer itself it is manifest that he had been fully informed, extrinsically if not intrinsically, of the nature and cause of the accusation against him.
Appellant’s final insistence on reversible error is based upon the court’s refusal of some written charges requested by defendant. Appellant states in his brief:
“The Appellant at the conclusion of the trial requested charges on conspiracy which the Court refused to give the jury. (R. 522-25). All the charges cited correct statements of the law which was not included in the Court’s charges, in that the accomplice is criminally responsible for acts which are the direct, proximate, natural result of the conspiracy formed and he is not responsible for any specific act not within the scope of the common purpose, but grows out of individual malice of the perpetrator. Clements v. State, Ala., 370 So.2d 723 (1979).
“If a person acts independently of the common purpose and kills the deceased for malice and motives of his own, then the accomplice is not criminally responsible. Singley v. State, 256 Ala. 56, 53 So.2d 729 (1951); Williams v. State, 81 Ala. 1, 1 So. 179 (1913).”
Appellant does not deem it necessary to set forth in his brief the language of the several charges to which his argument is addressed, and we see no necessity for doing so, as we are convinced that appellant is incorrect in his contention that charges asserting the principles stated by him as quoted above should have been given to the jury in the instant case. As previously shown, the defendant herein is prosecuted as an accomplice in the murder in the first degree in the second class of such murder, which is provided by the language, “Every homicide ... committed in the perpetration of, or the attempt to perpetrate, any arson, rape, robbery or burglary,” of Code of Alabama 1975, § 13-1-70. In none of the three cases cited by appellant was there such a prosecution for murder under the quoted provision of said § 13-1-70. In Clements v. State, Ala., 370 So.2d 723 (1979), the prosecution was under the Death Penalty and Life Imprisonment Without Parole Law (Code of Alabama 1975, § 13-11-1, et seq.), which by § 13-11-2(b) provides, “Evidence of intent under this section shall not be supplied by the felony-murder doctrine.”
In Singley v. State, 256 Ala. 56, 58, 53 So.2d 729 (1951) it is stated:
“The evidence for the State tends to show it was this defendant, Pete Singley, who delivered the hard blows to the head of deceased. Moreover, the evidence for the State tends to show that there was pre-concert or community of purpose between defendant and Clinton Stokley. If this evidence was believed by the jury beyond a reasonable doubt, then the defendant Singley was responsible for the acts of Clinton Stokley, although they intended only a battery upon deceased, and a verdict of guilty would be warranted against defendant unless Stokley acted independently of the common purpose and struck deceased for malice and motives of his own and was not at the time previously incited thereto by defendant. Stokley v. State, supra. [254 Ala. 534, 49 So.2d 284], and cases cited.”
One of appellant’s written charges that the court refused is as follows:
“The Court charges that in the case of conspiracy Billy Carpenter is responsible for only those acts which are the probable and natural consequences of the conspiracy formed. He is not responsible for any special act not within the scope of the common purpose, but grows out of the individual malice of the perpetrator.”
*115 Insofar as appellant’s criminal responsibility for the homicide here involved is affected by reason solely oí the law pertaining to the criminal responsibility generally of a cocon-spirator in the commission of a felony, there is considerable merit in the substance of the principle set forth in the quoted charge. Nevertheless, the charge totally ignores the felony-murder doctrine applicable at common law to homicides occurring in the process of committing or attempting to commit some felonies and applicable under Code 1975, § 13-1-70, to homicides occurring in committing or attempting to commit “any arson, rape, robbery or burglary.” In the latter type of cases, the charge is at least misleading. It directs attention to one felony or attempted felony only, in the instant case the robbery or attempted robbery. It diverts attention from the homicide and thereby, in effect, vitiates the felony-murder doctrine.
The felony-murder doctrine is not a creature, except in an amplified form, of Code 13-1-70, or any of its predecessors. It is a firmly established principle of common law.
“If the unlawful act agreed to be done is dangerous or homicidal in its character, or if its accomplishment will necessarily or probably require the use of force and violence, which may result in the taking of a life unlawfully, every party to such agreement will be held criminally liable for whatever any of its coeonspirators may do in furtherance of the common design. Accordingly, one person may be held liable for the homicidal act of another where such act results from their combined efforts to commit robbery, burglary, jail delivery, breaking in and stealing, or assault merely. Again, where persons combine to stand by one another in a breach of the peace, with a general resolution of resistance to the death of oppo-sers, and in the execution of their design, homicide is committed, all of the company are equally principals in the crime.” 40 Am.Jur.2d, Homicide, § 44.
Code 13-1 — 70 demarcates two degrees of murder; the common law “knows no degrees of the crime.” 40 Am.Jur.2d, Homicide, § 44. The law of Alabama retains the felony-murder doctrine of the common law and applies it to murder in the first degree if the other felony or attempted felony is arson, rape, robbery or burglary. The doctrine is sufficient to have justified a conviction of appellant for murder in the first degree. He has no legal right to complain of the finding of the jury that he was guilty of murder in the second degree.
The charges that the court refused that appellant now asserts that the court should have given are subject to the same criticism as the refused charge quoted above. The trial court was not in error in refusing any of them.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.