PER CURIAM.
In quashing the writ, we are not to be understood as agreeing with the rationale of the Court of Criminal Appeals’ opinion, 541 So.2d 577, (Part I), dealing with the issue whether the testimony of a police *583 dispatcher was inadmissible as violative of the “Miranda rule” (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). Without deciding whether this witness was acting on behalf of law enforcement officers or as a private citizen in obtaining an inculpatory statement from the defendant, we hold that the trial court’s admission of the evidence is otherwise sustainable because of the noncustodial context in which the defendant’s statement was made. The safeguards provided by Miranda apply only when an individual is subjected to custodial interrogation. United States v. Phillips, 812 F.2d 1355 (11th Cir.1987); Pate v. State, 492 So.2d 1026 (Ala.Crim.App.1986).
WRIT QUASHED.
All the Justices concur.