PATTERSON, Judge.
The appellant, Carol Mason Peoples, appeals her December 3, 1991, conviction for theft of property in the second degree and her sentence of one year and one day in the penitentiary. Her sentence was suspended and probation granted. During her trial, the appellant objected to the state’s introduction of a confession that she made while she was being detained at the scene of the alleged theft. After a suppression hearing, her objection was overruled. This appeal concerns that ruling.
I
The appellant’s primary contention is that her confession should not have been admitted at trial because she had not been advised of her rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Evidence elicited during the voir dire examination that followed the appellant’s objection tended to show the following facts.
On July 24, 1990, the appellant entered a K-Mart department store with her two small children and another youngster from her neighborhood. While she was in the store’s shoe department, her name was called over the intercom, and she went to the front of the store. There she was informed by store officials that the juvenile who had accompanied her and her children had been caught shoplifting a pair of shoes *1266 and that he was being detained in the back of the store. The appellant explained that she was not related to the boy and that she would not take responsibility for him. As she walked away, the assistant manager noticed that she was wearing a pair of new shoes from the shoe department. He also noticed that the tags had been removed from the shoes.
When the appellant returned to the main shopping area of the store, one employee saw her take “some little girls socks out of her purse and put them into [her] buggy.” A second employee observed her doing the same thing with other merchandise. This employee also watched as the appellant hid several of the item's under some ironing board covers on a store shelf. Soon after the appellant put another item back on a shelf, the manager of the store instructed the appellant to accompany him to the security office in the back of the store.
The appellant and her two small children were taken to the security office, which contained three chairs and a desk. It was so small that only five to seven people could stand in the room, but not sit down. Three K-Mart employees and a police officer were present, in addition to the appellant and her two children. The police officer was present because he had earlier been called upon to investigate the juvenile who had been caught shoplifting and was now in custody, and the store’s “loss prevention” manager asked him to remain in the security office with the store employees and the appellant. One of the K-Mart employees stood outside the door. At that time, the employees began to question the appellant about the shoes that she was wearing and the other merchandise that she had attempted to discard. The officer was present throughout the questioning, although at first he did not actively participate. Initially, the appellant maintained that the shoes were hers and that she had purchased them earlier. However, when store employees showed her the tags from the shoes, which had been found on the floor of the shoe department, and her old shoes, which had been found underneath a counter in the shoe department, she confessed to taking the shoes.
After the appellant confessed, the police officer became more involved in the questioning. He asked the appellant about the merchandise and the juvenile and then questioned her for purposes of completing a police report. Following his inquiry, the police officer instructed the appellant to turn herself in at a later time because she had small children with her.
Upon this evidence, the trial court found that the representatives of K-Mart were private citizens and not agents of the law and that, therefore, no Miranda warnings were necessary before their questioning of the appellant.
We recognize that the Fifth Amendment does not ordinarily afford protection against self-incrimination in situations where confessions are made to private citizens. Indeed, we have held that “Miranda warnings are not required in instances where inculpatory or otherwise admissible statements are made to persons who are not law enforcement officers or their agents.” Rankin v. State, 541 So.2d 577, 579 (Ala.Cr.App.1988), cert. quashed, 541 So.2d 582 (Ala.1989) (quoting Warrick v. State, 460 So.2d 320 (Ala.Cr.App.1984), which cites Truex v. State, 282 Ala. 191, 210 So.2d 424 (1968); Hinshaw v. State, 398 So.2d 762 (Ala.Cr.App.1981), cert. denied, 398 So.2d 766 (Ala. 1981); Ellis v. State, 338 So.2d 428 (Ala.Cr.App.1976); Bedingfield v. State, 47 Ala.App. 677, 260 So.2d 408 (1972)). See also State v. McDevitt, 484 So.2d 543, 547 (Ala.Cr.App.1985).
In regard to questioning by a person who is not a government employee, but who has employment responsibilities of a law enforcement nature, such as a K-Mart security guard, the following has been stated:
“In such circumstances, it might be argued that the protections of Miranda would be appropriate, for such security personnel also utilize detention, privacy, the appearance of authority, and psychologically coercive methods to facilitate fruitful interrogation. Moreover, it could well be contended that in such cases the ‘state action’ hurdle may be overcome by a public function analysis, *1267 i.e., that persons performing functions essentially like those ordinarily left to governmental agencies are also subject to constitutional restraints. However, the courts have rather consistently held that such persons as security officers, railroad detectives, insurance investigators, and private investigators are not required to comply with the Miranda procedures.”
1 W. LaFave & J. Israel, Criminal Procedure § 6.10(b), p. 541 (1984) (footnotes omitted).
However, in certain instances private conduct can become so entangled with government involvement that a reasonable person would find it difficult to distinguish one from another. In such a case, the question of whether one is entitled to the protections of Miranda cannot be answered merely by observing the relationship between the private citizen and the government official as they themselves see it. Our inquiry must focus on whether “the presence of the police and/or other circumstances indicate that the questioner is acting on behalf of the police.” 1 W. LaFave & J. Israel, supra, § 6.10(b), p. 141 (Supp.1991). “It is the impact on the suspect’s mind of the interplay between police interrogation and police custody—each condition reinforcing the pressures and anxieties produced by the other—which creates ‘custodial interrogation’ within the meaning of Miranda.” Id. at 6.10(b), p. 542 (1984) (quoting State v. Loyd, 425 So.2d 710 (La. 1982); emphasis in Loyd). By utilizing this approach in determining when one is entitled to Miranda warnings, we reject any notion that certain types of police involvement in the questioning process automatically trigger that right. Our purpose is to make law enforcement officers aware that their involvement, even if it only serves to bolster the apparent authority of the inquisitor, may trigger the right to Miranda warnings.
In the present case, the police officer’s involvement in the appellant’s interrogation was not insignificant. The record indicates that the officer was present throughout the process. He had recently assisted in the arrest of the youngster who had accompanied the appellant to the store and was then asked by an employee to remain in the security office during the detention and the questioning of the appellant. Furthermore, the physical surroundings and conditions of the interrogation certainly emphasized the officer’s presence. Under these circumstances, the appellant could have reasonably concluded that she was not merely answering the questions of the K-Mart employees, but the questions of the police officer as well and that, for all practical purposes, a police investigation was in progress. Therefore, the appellant was entitled to be advised of her rights under Miranda before being questioned. The trial court erred in allowing the appellant’s confession into evidence.
II
In conjunction with the issue presented above, the appellant argues that, without the confession, the evidence was insufficient to sustain a conviction for theft of property in the second degree and that, therefore, a judgment should be rendered in her favor. However, we are guided by the rule set out by the United States Supreme Court that, in reviewing the sufficiency of the evidence, we are to consider all erroneously admitted evidence. Lockhart v. Nelson, 488 U.S. 33, 41-42, 109 S.Ct. 285, 291-92, 102 L.Ed.2d 265 (1988). The appellant’s sufficiency analysis is based wholly on the assumption that the confession need not be considered. Yet, this is contrary to the rule described above. Accordingly, the appellant’s issue, as stated and argued, is without merit. For treatment in the event of retrial, see Ex parte Hergott, 588 So.2d 911 (Ala.1991); Hull v. State, 607 So.2d 369 (Ala.Cr.App.1992); Shula v. State, 465 So.2d 448 (Ala.Cr.App. 1984).
The judgment of the circuit court is reversed, and this cause is remanded.
REVERSED AND REMANDED.
All Judges concur.